243 F.2d 571
 Jose DIOGO, Appellant,
v.
J. W. HOLLAND, District Director, Immigration and
Naturalization Service, Appellee.
Jose COSTA, Appellant,
v.
J. W. HOLLAND, District Director, Immigration and
Naturalization Service, Appellee.
Manuel Guerreiro VALERIO, Appellant,
v.
J. W. HOLLAND, District Director, Immigration and
Naturalization Service, Appellee.
 Nos. 12121-12123.
 United States Court of Appeals Third Circuit.
 Argued March 21, 1957.
Decided April 3, 1957.
Rehearing Denied April 26, 1957.
 
 J. J. Kilimnik, Philadelphia, Pa., for appellants.
 Louis C. Bechtle, Asst. U.S. Atty., Philadelphia, Pa., for appellee.
 Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 These appellants were admitted to this country as non-immigrant business visitors. They obtained unauthorized gainful employment shortly after arrival here and failed to maintain their non-immigrant business visitor status.
 
 
 2
 No question is raised as to the above facts. However, it is urged on appellants' behalf that their arrests were illegal; that the decisions of the presiding immigration officer were not based on proper evidence and that appellee was not entitled to summary judgment.
 
 
 3
 By the Act of August 7, 1946, 60 Stat. 865,[1] properly authorized employees of the Immigration and Naturalization Service have the power without warrant to arrest any alien who is in the United States in violation of any law or regulation made in pursuance to law regulating the admission, exclusion or expulsion of aliens and is likely to escape before a warrant can be obtained for his arrest.
 
 
 4
 The conditions surrounding the arrests gave reasonable justification under the statute to the officers concerned for arresting appellants.
 
 
 5
 The point re lack of proper evidence is founded on the theory that there were not only illegal arrests but also improper seizure of admittedly genuine documents (passports and temporary business visas) which were produced before the presiding immigration officer and were relied upon by him in his decision. The records fail to substantially support the allegation of illegal seizure.
 
 
 6
 There was no genuine issue of fact in these cases. The evidence, properly before the immigration hearing officer and the district court, was demonstrative of the illegal status of appellants in this country.
 
 
 7
 The judgments of the district court will be affirmed.
 
 
 
 [1]
 Immigration and Naturalization Act, 8 U.S.C.A. § 1357