MATTER OF YAM

In Deportation Proceedings

A-15950259

*Decided by Board March 19, 1968*

Where, as a result of a routine Service investigative search of a restaurant, an alien produced two documents (an executed warrant of arrest and an order of supervision) in different names, the investigator was justified in believing the alien to be in the United States in violation of law and likely to escape before a warrant of arrest could be obtained, and since following arrest the alien was taken without unnecessary delay for examination before a Service officer who took an affidavit from him and obtained an order to show cause and a warrant of arrest, the alien's arrest without a warrant was not illegal and the documents produced by him during the search and the affidavit obtained following arrest are admissible in evidence in deportation proceedings.

CHARGES:

Order: At of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry, previously excluded, no permission to reapply within year.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry, previously deported, no permission to reapply (as amended).

ON BEHALF OF RESPONDENT:
Jack Wasserman, Esquire
Warner Building
Washington, D.C. 20004
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Brief filed)

The case comes forward on appeal from the order of the special inquiry officer entered October 23, 1967 finding the respondent deportable on the charge stated in the order to show cause, as amended, denying voluntary departure and ordering respondent deported to Hong Kong.

At the hearing respondent remained mute upon advice of counsel. The order to show cause alleges that the respondent is a native and citizen of China who entered the United States at Philadelphia, Pennsylvania on or about September 20, 1966; that he was arrested and deported from the United States on November 17, 1965 at Honolulu,

Hawaii; that he did not receive consent from the Attorney General to apply for readmission to the United States; and that he was found in the United States on October 12, 1967. The order to show cause charged that respondent was deportable under section 241(a)(1) of the Act, in that, at time of entry he was within one or more of the classes of aliens excludable by law existing at the time of such entry, to wit, aliens who have been excluded from admission and deported and who again seek admission within one year from date of such deportation, consent to reapply for admission not having been granted by the proper authority, under section 212(a)(16) of the Act. Prior to rendering his decision the special inquiry officer permitted an amendment of the charge of deportability against the alien as one who has been previously arrested and deported, in whose case consent to reapply for admission has not been granted by the proper authority.

Counsel objected to the amendment or propsed amendment, alleging it came after the close of the hearing. The special inquiry officer properly ruled that the hearing had not been closed inasmuch as he had not yet rendered a decision in the case. Counsel then stated that under the rules he was entitled to an adjournment. The special inquiry officer agreed that he was so entitled but counsel waived the adjournment.

It is believed that counsel has not been harmed nor misled by the amended charge. The same factual allegations of the order to show cause are used, only the technical wording of the charge has been change to conform to the factual allegations. Counsel did not object that the additional charge was not lodged in conformity with 8 CFR 242.16(d). His only objection was that the charge was amended after the close of the hearing whereas the hearing had not as yet been closed inasmuch as a decision had not been rendered. Counsel waived the adjournment to which he was entitled, and therefore appears to have acquiesced in the propriety of amending the charge in the order to show cause. The record, in the form of Exhibits 2, 3 and 4, establishes deportability.

Counsel alleges that the arrest of the respondent without a warrant was illegal and that the documents taken from him and the affidavit (Ex. 2) executed by him should be suppressed. Immigration Investigator Podrasky testified that he and three other investigators, later joined by two others, made a routine search operation of the premises operated by the respondent as a restaurant. Investigator Podrasky stated there was no need to carry a warrant of arrest because they had no information about the alien being here illegally until he got to the restaurant; that the respondent was present with his bookkeeper with whom he could not communicate. The respondent called a friend who acted as an interpreter. While waiting for the friend to arrive the

respondent continued working. The investigator testified that the respondent furnished two pieces of paper, one an executed warrant of arrest in the respondent's name; the other, a Form I-220B, an Order of Supervision in the name of Yung Ing Wa (phonetic). The investigator testified that because of the production of these two documents in different names he did not know whom he had and he then made a determination that the respondent might abscond. He then asked the respondent to come to the immigration office where he executed the affidavit, with the same friend of the respondent acting as interpreter. Upon the basis of this affidavit the investigator applied for and received a warrant of arrest and order to show cause which were served upon the respondent at about 8:00 p.m. of the same evening of October 12, 1967. Subsequent to the issue of the order to show cause and warrant of arrest, the investigator obtained from the New York office the respondent's file which contains Hong Kong Seaman's Identity Book No. 47427; a Form I-195 showing the refusal of admission of the respondent on September 20, 1966 at the port of Philadelphia (Ex. 3); and a warrant of deportation relating to the respondent showing his deportation from the United States on November 17, 1965 from the port of Honolulu (Ex. 4).

Counsel contends that the respondent's arrest was illegal because it was accomplished without a warrant. Section 287(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1357(a)(1)) states that any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States. It is clear that this provision was ample authority for the interrogation of the respondent.

Section 287(a)(2) of the Immigration and Nationality Act (8 U.S.C. 1357(a)(2)) authorizes the arrest of any alien in the United States if the officer has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States. When as the result of interrogation the respondent produced two different types of documents, an unexecuted warrant of arrest in the respondent's name referring to an arrest April 18, 1965 and and Order of Supervision (Form I-220B), in another name, Yung Ing Wa, the immigration officer did not know whom he had, thought the respondent was likely to abscond because of the conflicting documents, asked him to come to his office where the same friend of the respondent was

used as an interpreter. There can be no doubt that the respondent understood the interpreter and the answers are fully responsive. The investigator took an affidavit and obtained an order to show cause and warrant of arrest, which were duly served about eight o'clock of the same evening as the commencement of the interrogation. Under the circumstances, in view of the possession of two conflicting documents, the officer was justified in believing that the respondent was in the United States in violation of law and was likely to escape before a warrant of arrest could be obtained. The order to show cause and warrant were obtained after the respondent had been taken without unnecessary delay for examination before a Service officer.[1] We therefore believe that the arrest was not illegal and that the respondent's affidavit and other evidence were properly admissible in evidence under 8 CFR 242.14(c).[2]

Inasmuch as the respondent remained mute upon advice of counsel, the special inquiry officer denied the privilege of discretionary relief of voluntary departure. Since the respondent must establish eligibility for discretionary relief, the special inquiry officer's denial of such relief under the circumstances was proper.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of Chen Chin Ding*, Int. Dec. No. 1833 (February 6, 1968); *United States* v. *Alvaredo*, 321 F.2d 336 (2d Cir., 1963); *Pinero-Lopez* v. *Kennedy*, 293 F.2d 540 (D.C. 1961), cert. den. 386 U.S. 866; *Diogo* v. *Holland*, 243 F.2d 571 (3rd Cir., 1957); *Tsimounis* v. *Holland*, 132 F. Supp. 754 (E.D. Pa., 1955).

[2] Cf. *Shing Hang Tsui* v. *Immigration and Naturalization Service*, No. 16246 (7th Cir., January 31, 1968).