Valentim Joao **MEDEIROS**, Appellant,

v.

Herbert **BROWNELL**, Jr., Attorney General of the United States, Appellee.

No. 13645.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 15, 1957.

Decided Jan. 17, 1957.

Mr. J. J. Kilimnik, of the bar of the Supreme Court of Pennsylvania, Philadelphia, Pa., pro hac vice, by special leave of Court, with whom Mr. Lawrence Potamkin, Washington, D. C., was on the brief, submitted on the brief for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Mrs. Ellen L. Park, Asst. U. S. Attys., were on the brief, submitted on the brief for appellee.

Before PRETTYMAN, WILBUR K. MILLER and BURGER, Circuit Judges.

PER CURIAM.

Appellant Medeiros, a native and citizen of Portugal, entered the United States on August 14, 1955 as a nonimmigrant visitor for pleasure. It is not disputed that his legal right to remain in the United States under the terms of his entry expired on February 2, 1956.

The record indicates Medeiros obtained employment eight days after his arrival and failed to depart in accordance with the terms of his entry. On May 7, 1956 Medeiros was approached by two Immigration Officers who, after identifying themselves, requested his passport and related documents. When Medeiros advised the officers his papers were at his residence, the officers accompanied him to his home where a Portuguese passport was produced upon request. Medeiros also surrendered to the officers several check stubs and three sheets of paper, identified as affidavits. Medeiros then

went to the Immigration Office in temporary custody of the Immigration Officers for purposes of interrogation.

The following day, May 8, Medeiros again appeared at the Immigration Office where a sworn statement was made and he was served with a warrant of arrest and released on bond the same day.

At the deportation hearing held on May 16, 1956, Medeiros testified, over objection of counsel, as to his alienage, the date and condition of his entry and his unauthorized overstay. The warrant of arrest and record of sworn statement, both dated May 8, 1956, were also admitted in evidence. A deportation order[1] was entered by the special inquiry officer granting voluntary departure in lieu of deportation, and Medeiros was subsequently given to November 12, 1956 to effect his departure.

Appellant alleged in his complaint for a declaratory judgment voiding the deportation order that the action by the Immigration Officers on May 7, 1956 constituted an unlawful arrest and that the documents had been unlawfully seized without a search warrant. He also alleged certain procedural errors in the conduct of the deportation hearing. Although we believe appellant's contentions are without merit, it is not necessary to pass on his arguments to affirm the action of the district court denying appellant's motion for a preliminary injunction. The admissions of the appellant at the deportation hearings without more were sufficient to establish deportability.

On the whole record it is plain that the district court's action is clearly supported by Bilokumsky v. Tod, 1923, 263 U.S. 149, 155, 44 S.Ct. 54, 68 L.Ed. 221.

"Since the proceeding was not a criminal one, [the alien] might have been compelled by legal process to testify whether or not he was an alien."

See also Tsimounis v. Holland, 3 Cir., 1956, 228 F.2d 907.

The order of the district court is therefore

Affirmed.

"failed to maintain the nonimmigrant status in which he was admitted * * * or to comply with the conditions of any such status."

1. Appellant was held subject to deportation under Section 241(a) (9) of the Immigration and Nationality Act, 66 Stat. 204, 8 U.S.C.A. § 1251(a) (9), as an alien who after admission as a nonimmigrant