**Manolis VLISSIDIS, Plaintiff-Appellant,**

v.

**Roy ANADELL, Assistant District Director for Deportations, Chicago District, Immigration and Naturalization Service, Department of Justice, Defendant-Appellee.**

**No. 12353.**

United States Court of Appeals
Seventh Circuit.

Jan. 5, 1959.

---

5. 28 U.S.C.A. § 2201 et seq.

Phillip Bartell, Cleveland, Ohio, Otto Oplatka, Berwyn, Ill., for appellant.

Robert Tieken, U. S. Atty., Chicago, Ill., for appellee. John Peter Lulinski, Charles R. Purcell, Jr., Asst. U. S. Attys., Chicago, Ill., of counsel.

Before DUFFY, Chief Judge, and FINNEGAN and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

This is a deportation case. On the morning when this cause was scheduled for oral argument before this Court, proper and adequate notice having theretofore been given, a telegram was received from the attorney for plaintiff-appellant stating that he was indisposed by reason of a cold, but that if he were physically able, weather conditions would prevent his attendance at the hearing. The Assistant United States Attorney representing appellee, agreed that the case might be considered by the Court on the briefs of each party. This procedure has been followed.

Some months ago defendant-appellee filed a motion to affirm or dismiss the appeal on grounds, among others, that the appeal was frivolous. This Court reserved ruling on said motion until the final hearing herein.

We would be justified in dismissing this appeal by reason of the failure of the attorney for plaintiff-appellant to comply with our rules. He did not prepare and file an appendix, either jointly with his brief, or otherwise. Furthermore, his brief did not contain an adequate statement of the facts as required by our Rule 17, 28 U.S.C.A. Such infractions of our rules would, ordinarily, justify a dismissal of the appeal. However, plaintiff has raised two important questions, and we have decided to determine this cause upon the merits.

There is no serious dispute but that plaintiff is deportable. On October 4, 1957, he "jumped ship" at Portland, Maine. He proceeded immediately to New York City and later traveled to Gary, Indiana. On January 26, 1958, he was arrested in a cafe at Gary, Indiana, by officers of the Immigration and Naturalization Service. The following day a Department of Justice warrant for the arrest of plaintiff was issued by the Immigration Service, and plaintiff was served with that warrant together with a notice of hearing and an order to show cause. The show-cause order alleged his entry at Portland, Maine, on October 4, 1957, and also alleged that he had remained in the United States for a longer period of time than the twenty-nine days which he was permitted.

A hearing was held on February 4, 1958 at Chicago, before a Special Inquiry Officer of the Immigration & Naturalization Service. Plaintiff appeared personally and by attorney. While ad-

**400**

mitting the material allegations of the show-cause order, the attorney contended that plaintiff's arrest was illegal, having been made without a warrant, and contended that all proceedings subsequent to the arrest were, therefore, void. The Special Inquiry Officer held that the question whether the original arrest had been illegal was not pertinent to the proceeding to establish deportability. The hearing was thereupon restricted to the question whether plaintiff was a person eligible for and deserving of the discretionary relief of voluntary departure. The Special Inquiry Officer held that plaintiff was subject to deportation but that he was a proper person to receive the discretionary relief of voluntary departure.

On February 14, 1958, a copy of this decision was mailed to plaintiff's attorney which he received on February 17, 1958. The covering letter stated an appeal could be taken to the Board of Immigration Appeals by executing a prescribed form before February 24, and a copy of the form was enclosed. A notice of appeal was mailed to the Immigration & Naturalization Service on February 27, 1958. On March 17, 1958, the Board dismissed the appeal on the grounds that it had not been timely filed. On April 5, 1958, plaintiff's attorney filed a motion for reconsideration. On May 5, 1958, the Board denied such motion.

■ Plaintiff first contends that as the United States of America is a member of the United Nations, it follows that certain provisions of our immigration laws are superseded. Specifically, the claim is that the Charter of the United Nations, 59 Stat. 1035, makes invalid the provisions of our Immigration Laws as to quotas which are based on "racism", "natural origins" and "accident of birth." The only court decision cited is that of an intermediate California court, Fujii v. State, Cal.App., 217 P.2d 481, rehearing denied Cal.App., 218 P.2d 595. This case pertains to the California land laws. It should be noted that the Supreme Court of California rejected the holding of the California District Court

of Appeals, and held the Alien Land Law invalid on other grounds, Fujii v. State, 38 Cal.2d 718, 242 P.2d 617.

We have been cited to no section of the United Nations' Charter which purports to regulate the immigration policies of member nations, and we have been unable to find any section that we deem pertinent. We hold the charter of the United Nations does not invalidate the quota system established by the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq.

■ The second contention, relied on more strongly below than here, is that plaintiff's arrest was illegal and he was, therefore, deprived of due process. Under the same general head he claims that he was denied a fair hearing because he was not given an opportunity to show that the Special Inquiry Officer had participated in both investigative and prosecutive functions in respect to the case. He asserts this is also a denial of due process.

The transcript of proceedings shows that as soon as the Special Inquiry Officer knew there was to be a contest, he requested an Examining Officer to present the Government's case. Thereafter, the Special Inquiry Officer confined himself entirely to the performance of his quasi-judicial duties. We hold there was no denial of due process in this respect.

■■ As to the claimed unlawful arrest, it has long been settled that an unlawful arrest has no effect on the power of a tribunal to try the person so arrested. Ker v. People of State of Illinois, 1886, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421. See also Frisbie v. Collins, 1952, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541. Evidence obtained as the result of an unlawful arrest may be suppressed, but we know of no authority for holding a deportation proceedings such as we are here considering to thus become null and void. Again, we find no failure of due process.

The order appealed from is

Affirmed.