**Juan PINEIRO–LOPEZ, Appellant**

**v.**

**Robert F. KENNEDY, Attorney General of the United States, Appellee.**

**No. 16183.**

United States Court of Appeals District of Columbia Circuit.

Argued May 8, 1961.

Decided June 22, 1961.

Certiorari Denied Oct. 9, 1961.
See 82 S.Ct. 117.

---

Mr. J. J. Kilimnik, Philadelphia, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, with whom Mr. Lawrence Potamkin, Washington, D. C., was on the brief, for appellant.

Mr. Abbott A. Leban, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., at the time the brief was filed, and Carl W. Belcher, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee. Mr. David C. Acheson, now U. S. Atty., and Miss Doris H. Spangenburg, Asst. U. S. Atty., also entered appearances for appellee.

Before WILBUR K. MILLER, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

On January 24, 1956, appellant entered this country as a nonimmigrant crewman under § 101(a) (15) (D) of the Immigration and Nationality Act.[1] Under applicable administrative regulations,[2] he was given a D-1 landing permit,[3] the terms of which permit entry into this country until the crewman's vessel departs for a foreign port or until the expiration of twenty-nine days, whichever occurs first. On February 12, 1956, nineteen days after entering the country, appellant was arrested at his home by immigration officers who believed that the vessel on which appellant had arrived had departed and that, by remaining in this country, he had violated the terms of his landing permit.

A hearing, at which appellant waived his right to counsel, was conducted on February 15, 1956, resulting in a finding of deportability and an appropriate order. By letter, the Immigration Service advised appellant that he would be permitted to voluntarily depart from this country on or before February 20, 1956, in lieu of deportation. Upon his failure to depart voluntarily within the time fixed, the warrant of deportation dated February 21, 1956, was entered.

Appellant, with friends, consulted counsel, who, in a letter dated February 23, 1956, addressed to the District Director for the New York District, requested that the hearing be reopened or, in the alternative, that appeal to the Board of Immigration Appeals be noted. This letter was treated by the special inquiry officer as a motion to reopen and was denied. The appeal to the Board of Immigration Appeals was dismissed by the Board.

A complaint was filed on September 5, 1956, in the United States District Court for the District of Columbia, asking that the deportation order be set aside on the ground that appellant's constitutional rights had been violated. The complaint alleged *inter alia* that the arrest was made with neither warrant nor

1. 66 Stat. 167 (1952), 8 U.S.C.A. § 1101 (a) (15) (D).

2. 8 C.F.R. § 252.1(d) (1).

3. Under 8 C.F.R. § 252.1(d) (2), a D-2 permit is issued to an alien crewman who establishes that he intends to depart on a vessel other than the one on which he arrived.

probable cause and was invalid, that entry into appellant's home was gained through a ruse, that appellant was effectively held incommunicado for three days following his arrest, that he was denied telephone privileges while in detention, that he was effectively denied assistance of counsel through his lack of understanding, and that the record of the hearing on February 15, 1956, while regular and proper on its face, was fatally defective because appellant (who speaks only Spanish) did not understand the interpreter provided by the Immigration Service. The District Court granted a stay of deportation and remanded the case to the Immigration Service for determination of the factual issues raised in the complaint.

In response to the remand, a reopened hearing was commenced on November 27, 1956, and adjourned on November 28 by the special inquiry officer for lack of authority to hold the hearing because of the outstanding order of the Board of Immigration Appeals dismissing the original appeal. On January 16, 1957, the Board rescinded its prior order of July 13, 1956, and remanded the case to the special inquiry officer. The adjourned hearing of November 27, 1956, was continued on February 1, 1957, before the special inquiry officer, who treated the reopened hearing as one *de novo* and not limited to the issue of the alleged unlawful arrest. On February 21, 1957, the special inquiry officer *again* found appellant deportable and again granted voluntary departure. On June 10, 1957, the Board of Immigration Appeals again dismissed the appeal. Appellant then filed another complaint in the District Court, seeking review of the administrative decision. The administrative record was duly filed by appellee.

On December 5, 1960, the case came on for hearing before Judge Tamm. The parties stipulated that (to the extent that the court had jurisdiction to try the facts) the case be submitted on the supplemented administrative record without additional testimony; and the court, upon the basis of its review of the adminis-trative record as supplemented, the stipulations and memoranda of counsel, rendered its memorandum opinion dated December 8, 1960, as follows:

"Upon the basis of the entire record before the Court, counsels' memoranda and oral argument, the Court finds for the defendant. Specific reliance is placed by the Court upon the case of Medeiros v. Brownell, 99 U.S.App.D.C. 396 [240 F.2d 634], and Coelho v. Brownell, 99 U.S. App.D.C. 397 [240 F.2d 635]. To the same principle, although applied in a criminal case, the attention of counsel is invited to the case of Lester L. Jackson v. U. S., United States Court of Appeals for the District of Columbia, # 15,754, decided December 6, 1960 [109 U.S. App.D. C. 233, 285 F.2d 675]. The Court makes reference to this case because plaintiff's counsel cited a number of criminal cases in support of his contention."

Findings of fact were entered by the court, among them being that appellant had overstayed his leave and that he "makes no claim that he is entitled under the immigration law to any privilege or right other than the privilege of voluntary departure already accorded him, of which he failed to avail himself in due time." The court carefully reviewed the claim of procedural irregularities, and held that any such irregularities preceding or in connection with the initial hearing were cured by the reopened administrative proceedings, in which deportability was still open to contest and in which appellant's prior admissions were neither retracted nor contradicted, nor were they shown to have been involuntary. The court further held that all other points raised by appellant were either irrelevant or frivolous. Judgment was accordingly entered on January 3, 1961, dismissing appellant's complaint and dissolving the preliminary injunction theretofore issued. This appeal followed.

Appellant does not, indeed cannot, contest his present deportability. While his present whereabouts are not affirmatively

stated in the record, the stay of deportation granted by this court pending hearing and disposition is currently in effect, so presumably he is still in this country, over five years after his entry with authority to remain for, at most, twenty-nine days. Actually, at the first hearing, on February 15, 1956, appellant said (and still says) that his only wish was to leave this country; yet, five years later, despite the fact that he was twice granted the privilege of leaving voluntarily in lieu of deportation, he is still here. He has asserted no legal right to remain.

Appellant has failed to sustain his burden of demonstrating lack of due process. We are satisfied that the disposition made in the District Court is correct, and its judgment accordingly is

Affirmed.[4]

4. Cf. Rizzi v. Murff, D.C.S.D.N.Y.1959, 171 F.Supp. 362.