George Peter **KLISSAS**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 19439.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 12, 1966.

Decided March 16, 1966.

Mr. David Carliner, Washington, D. C.,
with whom Mr. Jack Wasserman, Wash-
ington, D. C., was on the brief, for peti-
tioner.

Mr. Douglas P. Lillis, Atty., Dept. of
Justice, of the bar of the Supreme Court
of Arizona, pro hac vice, by special leave
of court, with whom Messrs. David G.

Bress, U. S. Atty., and Frank Q. Nebeker,
Asst. U. S. Atty., were on the brief, for
respondent. Mr. John C. Conliff, Jr., U.
S. Atty. at the time the record was filed,
also entered an appearance for respond-
ent.

Before BAZELON, Chief Judge, and
TAMM and LEVENTHAL, Circuit Judges.

TAMM, Circuit Judge.

Petitioner, in a direct appeal under 8
U.S.C. § 1105a, (Appendix) seeks review
of a deportation order issued against him
by the respondent Immigration and Nat-
uralization Service. The deportation or-
der is based upon charges, first, that pe-
titioner is a Greek citizen who as an alien
crewman after an entry into the United
States in 1957, overstayed in violation of
8 U.S.C. § 1251(a) (2) (Appendix), and,
second, that petitioner failed to furnish
notification of his address in violation of
8 U.S.C. § 1251(a) (5) (Appendix).

The petitioner alleges a number of ad-
ministrative and procedural errors with
respect to his arrest, detention and de-
portation hearings and seeks to set aside
the deportation order on the ground that
these errors so permeate the entire pro-
ceedings against him as to render the ad-
ministrative process null and void from
its inception to its conclusion. Included
in these charges against respondent's
conduct are challenges to the legality of
petitioner's arrest, improper use of a con-
fession allegedly extracted from petition-
er during a period of illegal detention,
lack of evidence (in the absence of an
inadmissable confession) to support a
finding of deportability, an unfair hear-
ing on the issue of alienage, and other
administrative and regulatory transgres-
sions of pertinent regulations and stat-
utes.

Substantial support for peti-
tioner's claims appears in the record be-
fore us insofar as respondent's charges
of alienage and overstaying are con-
cerned. Were the case to be determined
on these aspects of the deportation order
alone, we might have to reverse the or-
der and remand the case for new proceed-

ings to be conducted with due regard both for petitioner's rights and the governing regulations, statutes and case law.

Unfortunately for petitioner, however, our review does not halt at this point. The record discloses that subsequent to the occurrence of all of the irregular conduct summarized heretofore, and while on bond, petitioner was in due course afforded a deportation hearing at which he was represented by counsel of his own selection. Apart from the charge of having overstayed his admission as an alien seaman, he was also charged with having failed to submit address reports as required by law. During the course of this hearing, petitioner, in answer to questions, admitted that he had not filed address reports because of his fear that the immigration authorities would apprehend him. It thus appears that distinct and apart from the much earlier arrest, detention, interrogation and hearing proceedings, the petitioner, free on bond and counseled by his retained attorney, voluntarily and freely admitted his alienage and his violation of a specific provision of the Immigration Act.[1]

Subsequent to the filing of the briefs and oral argument, we permitted petitioner to file a supplemental memorandum supporting his claim that he is eligible for suspension of deportation in light of the Supreme Court's recent disposition of Soric v. Immigration and Naturalization Service, 382 U.S. 285, 86 S.Ct. 432, 15 L.Ed.2d 330 (Dec. 13, 1965). We have reviewed the memorandum and the opposition thereto and are of the opinion that petitioner's request that the case be remanded to permit the filing of an application for suspension of deportation should be denied since he clearly does not qualify under the terms of the statute.

8 U.S.C. § 1254(a) (1) (2) (1964), as amended, 79 Stat. 918 (1965) (Appendix).

The deportation order is

Affirmed.

## APPENDIX

§ 1105a. Judicial review of orders of deportation and exclusion—Exclusiveness of procedure

(a) The procedure prescribed by, and all the provisions of sections 1031–1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or comparable provisions of any prior Act, except that—

\* \* \* \* \* \*

Determination upon administrative record

(4) except as provided in clause (B) of paragraph (5) of this subsection, the petition shall be determined solely upon the administrative record upon which the deportation order is based and the Attorney General's findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive;

\* \* \* \* \* \*

§ 1251. Deportable aliens—General classes

(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\* \* \* \* \* \*

(2) entered the United States with-

---

1. Petitioner's admission at the hearing was not, in our opinion, a product of his initial confession; it occurred two and one-half years after the original confession, in the presence of his counsel and at a time when petitioner's defense was based in large part on the alleged illegality of his detention and the inadmissability of his initial statements to the immigration authorities. Compare Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963) and Killough v. United States, 114 U.S.App.D.C. 305, 315 F.2d 241 (1962) *with* United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947). See generally, Note, 72 YALE L.J. 1434 (1963).

out inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States;

\* \* \* \* \* \*

(5) has failed to comply with the provisions of section 1305 of this title unless he establishes to the satisfaction of the Attorney General that such failure was reasonably excusable or was not willful, or has been convicted under section 1306(c) of this title, or under section 36(c) of the Alien Registration Act, 1940, or has been convicted of violating or conspiracy to violate any provision of sections 611–621 of Title 22 or has been convicted under section 1546 of Title 18;

\* \* \* \* \*

§ 1254. Suspension of deportation— Adjustment of status for permanent residence; contents

(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; or

(2) is deportable under paragraphs (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 1251(a) of this title; has been physically present in the United States for a continuous period of not less than ten years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation, and proves that during all of such period he has been and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.