**In the Matter of Francesco Paolo LA FRANCA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 665, Docket 32891.

United States Court of Appeals Second Circuit.

Argued June 23, 1969.

Decided July 23, 1969.

---

Mario M. De Optatis, New York City, for petitioner.

Michael C. Silberberg, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, Daniel Riesel, Sp. Asst. U. S. Atty., of counsel), for respondent.

Before HAYS and FEINBERG, Circuit Judges, and JAMESON, District Judge.*

JAMESON, District Judge:

Petitioner seeks to review and reverse a final order of deportation of the Board of Immigration Appeals denying a motion to reopen petitioner's deportation proceedings.[1] Petitioner contends that (1) his arrest without a warrant was illegal, rendering subsequent deportation proceedings void; (2) his arrest in New Jersey and removal to New York for hearing was "jurisdictionally improper"; and (3) he should have been afforded the opportunity to establish eligibility for voluntary departure.

Petitioner is an alien, a native and citizen of Italy. On two prior occasions he was deported from the United States. He last entered the United States on February 20, 1967, as a transient without visa and was authorized to remain for four days. He did not depart within the allotted time and remained at large until his arrest on June 13, 1968.

Petitioner was placed under arrest by two immigration officials at a bakery shop which he owned and operated in Jersey City, New Jersey, and was taken to the New York Office of the Immigration and Naturalization Service. The following day he was served with a warrant of arrest and an order to show cause alleging that he was deportable under Section 241(a) (2) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(a) (2).

A hearing was commenced on June 17, 1968, at which petitioner was represented by Lyle O'Rourke, an experienced attorney,[2] and was accompanied by a relative, who was also an attorney and who acted as interpreter. Petitioner's counsel contended that since petitioner was arrested in New Jersey, the case should be heard in Newark and requested a two day extension to "check the file, consider the facts," and talk to his client.

The hearing resumed on June 20, 1968. Petitioner's counsel abandoned his contention that the hearing should be conducted in New Jersey.[3] He conceded that the petitioner was deportable[4] and advised the special inquiry officer that petitioner was not requesting voluntary departure.[5]

The special inquiry officer entered an order directing petitioner's deportation to Italy. Petitioner waived his right to appeal and was released upon posting a $3,500 appearance bond. He was granted the right to leave the United States

---

* Senior District Judge of the District of Montana, sitting by designation.

1. Pursuant to Section 106(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1105a.

2. The special inquiry officer in his oral decision of August 20, 1968, stated that Mr. O'Rourke "was experienced in Immigration matters" and appeared in "numerous causes in the New York Office."

3. "Special Inquiry Officer: 'Now, let me ask one question. At the time of the last hearing, you did raise one preliminary question of jurisdiction. Has that question been resolved in your mind?'
   Mr. O'Rourke: 'Yes.'
   Special Inquiry Officer: 'It had to do with this question of his being arrested in Jersey and given his hearing here.'
   Mr. O'Rourke: 'Yes.'

Special Inquiry Officer: 'You're not raising that any more? You abandoned that question?'
   Mr. O'Rourke: 'Yes.' "

4. "Special Inquiry Officer: 'Now, Mr. O'Rourke, during the period that this case was adjourned so that you could prepare, have you reached a conclusion now as to whether you are conceding the allegations of fact and the conclusions of law to deportability?'
   Mr. O'Rourke: 'Yes.'
   Special Inquiry Officer: 'Are you so conceding?'
   Mr. O'Rourke: 'Yes. This has all been thoroughly explained to my client by the interpreter here.' "

5. "Special Inquiry Officer: 'All right, counsel, on the facts of this case, as you know them, is this man requesting voluntary departure from the United States?'
   Mr. O'Rourke: 'No.' "

within 30 days and subsequently was granted a 30 day extension.

On August 19, 1968, through new counsel, petitioner moved to reopen the deportation proceedings and requested an opportunity to apply for the privilege of voluntary departure. Following a hearing on August 20 before a special inquiry officer, the motion was denied.[6] This decision was affirmed by the Board of Immigration Appeals on September 3, 1968, and, upon reconsideration, again affirmed on October 17, 1968. Petition for review was filed November 1, 1968.[7]

### Legality of Arrest

■ 8 U.S.C. § 1357(a) (2) provides, *inter alia*, that any officer or employee of the Immigration Service may arrest an alien without a warrant "if he has reason to believe that the alien so arrested is in the United States in violation of any * * * law or regulation *and is likely to escape before a warrant can be obtained for his arrest * * *.*" Petitioner was the owner and operator of a bakery in Jersey City. It would seem that a warrant might have been obtained for his arrest. On the other hand, petitioner had twice been deported and subsequent to re-entry in February, 1967, had absconded. From the record we cannot say that the officers did not have reason to believe that petitioner was likely to escape before a warrant could be obtained.

■ Certainly there was probable cause to place petitioner under arrest, and his deportability was conceded at the hearing. The Immigration Service did not rely upon any statements taken or evidence seized at the time of his arrest. Under these circumstances, even if the arrest without a warrant were illegal, this would not invalidate the subsequent deportation proceedings. As the Supreme Court said in Bilokumsky v. Tod, 1923, 263 U.S. 149, 158, 44 S.Ct. 54, 68 L.Ed. 221: "Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law." [8]

### Place of Hearing

■■ There is no clear mandate in either the statute or regulations as to where a hearing should be held.[9] Here the hearing was held in New York City instead of Newark—a distance of 15 miles.[10] Petitioner resided in Jersey City, where he was arrested. The place of hearing was easily accessible to him. He was represented by competent coun-

---

6. Petitioner's motion to reopen was made upon the same grounds asserted in his petition for review. Each contention was considered and expressly rejected by the special inquiry officer.

7. Pursuant to stipulation of counsel, the time for filing the certified record of the administrative proceedings was extended to March 1, 1969, and the time for petitioner's brief to May 7, 1969. Respondent's brief was filed June 7, 1969. At oral argument petitioner's counsel was granted two days within which to serve and file a reply brief. Counsel's subsequent request for an additional 30 days and for reargument was denied. The issues are simple, and we see no reason to delay further the final determination of this case.

8. See also Medeiros v. Brownell, 99 U.S. App.D.C. 396, 240 F.2d 634, 1957; Vlissidis v. Anadell, 262 F.2d 398, 7 Cir. 1959; Pineiro-Lopez v. Kennedy, 110

U.S.App.D.C. 352, 293 F.2d 540, 1961, cert. denied, 368 U.S. 866, 82 S.Ct. 117, 7 L.Ed.2d 64; Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421, 1886; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, 1952.

9. Ordinarily the better procedure would be to hold the hearing in the district of the alien's residence or place of arrest. Obviously it should not be held in a district so far removed from his residence or place of arrest as to deprive him of a fair hearing.

10. For administrative purposes the Immigration and Naturalization Service has been divided into four regions and numerous districts. See 8 C.F.R. 100.4. The New York district includes parts of New Jersey, and the Newark district the remainder of New Jersey, with certain exceptions for "primary inspection purposes" and port facilities.

sel. At the initial hearing he was accompanied by a relative who was also an attorney. Petitioner was able to post bond. When the hearing was resumed three days later, he waived any objection to the place of hearing. This is a matter of venue rather than jurisdiction, and plaintiff could properly waive any right to have the hearing in the district of his residence or place of arrest.

█ There is no showing that the immigration officials acted arbitrarily or capriciously in holding the hearing in New York City or that petitioner was in any way prejudiced or denied a fair hearing. His counsel expressly abandoned any objection to the place of hearing. Accordingly, there is no valid basis for plaintiff's contention that it was improper to hold the hearing in New York City. See United States ex rel. Vermiglio v. Butterfield, 6 Cir. 1955, 223 F.2d 804; United States ex rel. Mastoras v. McCandless, 3 Cir. 1932, 61 F.2d 366.

Refusal to Reopen Proceedings

█ We find no merit in petitioner's final contention that the hearing should have been reopened to permit him to attempt to establish eligibility for voluntary departure. His counsel specifically stated at the June 20 hearing that petitioner did not request voluntary departure.[11]

8 C.F.R. § 242.22 provides:

"A motion to reopen will not be granted unless the special inquiry officer is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing; nor will any motion to reopen for the purpose of providing the respondent with an opportunity to make an application under § 242.17[12] be granted if respondent's right to make such application was fully explained to him by the special inquiry officer and he was afforded an opportunity to do so at the hearing, unless circumstances have arisen thereafter on the basis of which the request is being made."

The special inquiry officer at the August 20 hearing found that petitioner had failed to submit any evidence which could not have been presented at the first hearing[13] and that there was "nothing here to warrant * * * either the stay of deportation proceedings or the grant of the motion to reopen the cause." The Board of Immigration Appeals affirmed this decision and dismissed the appeal.

█ The grant or denial of a motion to reopen a deportation proceeding is discretionary with the Board of Immigration Appeals. "The courts cannot review the exercise of such discretion; they can interfere only when there has been a clear abuse of discretion or a clear failure to exercise discretion." United States ex rel. Adel v. Shaughnessy, 2 Cir. 1950, 183 F.2d 371, 372. There was no abuse of discretion on the part of the Board in denying petitioner's motion.

The petition is denied.

---

11. Between June 17 and June 20 counsel had checked the administrative record and conferred with his client. The record discloses that petitioner had been denied the privilege of voluntary departure when previously deported.

12. § 242.17(b) provides that, "The respondent may apply to the special inquiry officer for voluntary departure in lieu of deportation pursuant to section 244(e) of the Act * * *." Pursuant to this section (8 U.S.C. 1254(e)) the Attorney General may, in his discretion, permit voluntary departure in lieu of deportation under certain conditions.

13. No new evidence was submitted at the August 20 hearing. Counsel for petitioner informed the special inquiry officer that petitioner had a son who is a legal resident, close to becoming a citizen, and that petitioner had a business and had resided in the United States for 15 years without any criminal record. Counsel for the Government asserted "without submitting proof, but without contradiction by counsel" for petitioner, that there were "substantial reasons against the granting of the voluntary departure."