Francesco Paolo LA FRANCA,
Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 187, Docket 34190.

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1970.

Decided Oct. 22, 1970.

———◆———

Mario M. De Optatis, New York City,
for petitioner.

Stanley H. Wallenstein, Special Asst.
U. S. Atty., New York City (Whitney
North Seymour, Jr., U. S. Atty., New
York City, on the brief), for respondent.

Before MEDINA, WATERMAN and
FEINBERG, Circuit Judges.

PER CURIAM:

Petitioner Francesco Paolo La Franca,
an alien who has been deported twice
in the past, last entered the United
States on February 20, 1967, as a non-
immigrant transit without visa au-
thorized to remain for four days. Ap-
prehended by Immigration Officers on
June 13, 1968, he conceded deportability
one week later and subsequently received
two thirty-day extensions. Then fol-
lowed a motion to reopen the deportation
proceedings, which was denied, and a pe-
tition to this Court seeking review of
the denial, which petition was dismissed
on July 23, 1969 in La Franca v. Immi-
gration and Naturalization Service, 413
F.2d 686 (2d Cir. 1969). Another mo-
tion to reopen the proceedings was filed
on August 18, 1969, was denied on Octo-
ber 24, 1969, and this petition seeking
review of the denial followed.

In his motion to reopen the deportation
proceedings against him, petitioner re-
quested a status adjustment from that of
nonimmigrant without visa, within the
meaning of § 101(a) (15) (C) of the Im-
migration and Nationality Act, 8 U.S.C.
§ 1101(a) (15) (C) (1964), to that of
permanent resident. Petitioner alleges
that his son Pietro, a lawful resident
alien, is applying for naturalization and
that the son's naturalization would give
him immediate relative status on a visa
petition by the son and allow him to ob-
tain an immigrant visa without regard
to the annual quota limitations estab-
lished by § 201 of the Act, 8 U.S.C. § 1151
(1964), and qualify him for adjustment
of status under § 245 of the Act, 8 U.S.C.
§ 1255 (1964). But Title 8, Code of Fed-
eral Regulations § 214.2(c) (1) (1970)
provides in part that:

> The privilege of transit without visa
> may be authorized only under the con-
> ditions that the alien will depart vol-
> untarily from the United States, that
> he will not apply for adjustment of
> status under Section 245 of the Act
> * * *.

Sections 103(a) and 214 of the Act, 8
U.S.C. §§ 1103(a) and 1184 (1964), con-
tain authority for the promulgation of
this regulation by the Commissioner of
Immigration and Naturalization, the del-
egate of the Attorney General, 8 C.F.R.
§ 2.1 (1970). The Board of Immigration

Appeals clearly did not abuse its discretion in denying the motion to reopen the proceedings as petitioner could not have been granted the relief requested.

The petition for review is denied, and the statutory stay is vacated.