## MATTER OF TRILLERA

### In Deportation Proceedings

### A–20357073

*Decided by Board October 14, 1975*

(1) Assuming, *arguendo*, the Service learned of respondent's presence and location in the United States by some unlawful means, the affidavit executed by respondent during the course of an interview with a Service investigator (and which constitutes the primary basis of a finding of deportability; is free of any possible taint, since it is the product of respondent's voluntary acts.

(2) Even assuming the Service became aware of respondent's presence and location in the United States as a result of some sort of communication from either the Department of Labor or the Department of State, there was no impropriety in such assumed inter-agency communication. No rights of respondent, a nonimmigrant visitor who was and who remains unlawfully in the United States, could have been violated by such assumed communication. Hence, respondent's allegations that the Service unlawfully learned of her presence in this country are unfounded; her motion to suppress was properly denied.

CHARGE:

Order: Act of 1952—Section 241(a)(2) (8 U.S.C. 1251(a)(2))—Nonimmigrant visitor—remained longer.

ON BEHALF OF RESPONDENT: William H. Oltarsh, Esquire
225 Broadway
New York, New York 10007

In a decision dated July 31, 1975, the immigration judge found the respondent deportable, but granted the respondent's application for voluntary departure. The respondent has appealed the finding of deportability, contending that the evidence introduced to establish deportability should have been suppressed by the immigration judge. The appeal will be dismissed.

Exhibit 4 of the record is an affidavit signed by the respondent on December 13, 1974, during the course of an interview before a Service investigator. The respondent has acknowledged that she signed the affidavit, and she does not dispute the accuracy of the information contained therein. Primarily on the basis of this affidavit, we find that the respondent is a native and citizen of Colombia who entered the United States as a nonimmigrant visitor, and that she has remained

474

beyond the authorized length of her stay. The evidence is clear, convincing and unequivocal that she is deportable as charged by the Service.

The respondent does not challenge the sufficiency of the evidence of deportability. She does, however, contend that that evidence should not have been employed in determining deportability. The respondent basically argues that the Service unlawfully obtained knowledge of her presence in the United States, and that it was on the basis of this knowledge that she was requested to appear for the interview at which she executed the damaging affidavit.

We note that the respondent made a conscious voluntary decision to meet with a representative of the Service and then voluntarily provided the Service with the requested information. The record indicates that the respondent was represented at the interview by either present counsel or someone acting in behalf of present counsel (Tr. pp. 10–11; Exh. 5). Even assuming that the Service learned of the respondent's presence and location in the United States by some unlawful means, the affidavit executed on December 13, 1974 is free of any possible taint because it is the product of the respondent's voluntary acts. Cf. *Klissas* v. *INS*, 361 F.2d 529 (D.C. Cir. 1966).

We are also convinced that the respondent's allegations regarding unlawfully obtained evidence are unfounded. The respondent contends that she was erroneously denied access to the Service's records which pertain to her. Counsel for the respondent sought to review these records in an attempt to determine how the Service became aware of the respondent's presence in the United States. Counsel argues that the Service probably received information regarding the respondent from either the Department of Labor or the Department of State. It appears that both of these departments had information relating to the respondent because she had submitted an application for a labor certification, which was subsequently approved and forwarded to the United States consulate in her home country.

Although counsel's request for discovery was denied by the immigration judge, [1] we shall assume for the purpose of this appeal that counsel's contentions regarding the method by which the Service acquired its information on the respondent are correct. We therefore assume that the Service learned of the respondent as a result of some sort of communication from either the Department of Labor or the Department of State.

Counsel contends that this assumed communication violated the respondent's rights. We initially disagree with counsel's assertion that

---

[1] Counsel also made a written request to the Service, which he claims was under the Freedom of Information Act, for this information. The record does not disclose the disposition of that written request. The Service's trial attorney did refuse counsel's oral request for the information during the course of the hearing (Tr. p. 11).

these departments have no powers relating to the entry of aliens into the United States. See section 212(a)(14) and section 104, Immigration and Nationality Act. Furthermore, the Act specifically provides for liaison between the Service and the Department of State. Section 105 and section 104(b), Immigration and Nationality Act. We know of no right possessed by the respondent, a nonimmigrant visitor who was and who remains unlawfully in the United States, which could have been violated by such a communication.

We find no impropriety in the assumed interagency communication. Counsel's motion to suppress was properly denied. There was no infringement on any rights possessed by the respondent, even if counsel's factual contentions are correct. The decision of the immigration judge was correct.

**ORDER:** The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.