## MATTER OF ROJAS

### In Deportation Proceedings

### A–20974502

*Decided by Board October 29, 1975*

(1) Where respondent's testimony at the deportation hearing, at which she was represented by counsel, without more, clearly establishes her deportability, inquiry into the facts surrounding respondent's initial interrogation and arrest and the allegation of illegally obtained evidence of deportability is necessary.

(2) Where the presence in the United States of a lawful permanent resident sister is the only significant favorable factor presented by respondent in support of her application for voluntary departure, there are insufficient equities in respondent's behalf to outweigh the adverse factor that she gained entry into this country with the assistance of professional smugglers. Accordingly, the immigration judge's denial of voluntary departure, in the exercise of discretion, was proper.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection.

ON BEHALF OF RESPONDENT:                ON BEHALF OF SERVICE:
Richard Eiden, Esquire                  George Indelicato
2669 West Pico Boulevard                Appellate Trial Attorney
Los Angeles, California 90006

In a decision dated April 8, 1975, the immigration judge found the respondent deportable as charged, denied her application for voluntary departure, and ordered her deportation to Columbia. The respondent has appealed from that decision. The appeal will be dismissed.

At the hearing, at which she was advised by counsel, the respondent denied all of the facts alleged in the order to show cause and denied deportability on the ground that the "evidence" of deportability had been illegally obtained and should therefore be suppressed. However, when then questioned by the trial attorney, the respondent admitted that she was a native and citizen of Columbia and had last entered the United States without inspection with the assistance of a professional smuggler.

The respondent's testimony at the deportation hearing, without more, clearly establishes her deportability. Thus, inquiry into the facts surrounding the respondent's initial interrogation and arrest is unnecessary. See *Guzman-Flores* v. *INS*, 496 F.2d 1245 (C.A. 7, 1974); *Klissas* v. *INS*, 361 F.2d 529 (D.C. Cir. 1966).

We note that courts have indicated that, although evidence actually seized during an illegal arrest may be suppressed in a criminal proceeding, the mere fact of illegal arrest has no bearing on a subsequent deportation proceeding. *U.S. ex rel. Bilokumsky* v. *Tod*, 263 U.S. 149 (1923); *Guzman-Flores* v. *INS*, supra; *Huerta-Cabrera* v. *INS*, 466 F.2d 759 (C.A. 7, 1972); *La Franca* v. *INS*, 413 F.2d 686 (C.A. 2, 1969); *Shing Hang Tsui* v. *INS*, 389 F.2d 994 (C.A. 7, 1968). See also *Matter of Scavo*, 14 I. & N. Dec. 326 (BIA 1973). The contention that the physical presence of an alien is "evidence" that may be suppressed as the "fruit of the poisoned tree" if the alien was illegally arrested was flatly rejected by the court in *Guzman-Flores* v. *INS*, supra, and to our knowledge has no judicial support. See also *Matter of Burgos and Burgos-Gody*, 15 I. & N. Dec. 278 (BIA 1970).

Our review of the record satisfies us that the hearing was fair, and that deportability has been established by clear, convincing and unequivocal evidence. The only remaining issue involves the respondent's application for voluntary departure.

The immigration judge denied the respondent's application for voluntary departure in an exercise of discretion. He considered the respondent's use of a professional smuggler to gain entry into the United States to be a significant adverse factor affecting her application. Counsel on appeal argues that the method by which the respondent gained entry is not relevant to her application for voluntary departure. He further argues that the immigration judge's reliance on such evidence prevented the immigration judge from fully exercising his discretion as required by section 244(e) of the Immigration and Nationality Act.

We disagree with the contentions of counsel. The respondent willingly participated in a criminal scheme the sole purpose of which was the circumvention of the immigration laws of the United States. In the absence of outstanding equities in her behalf, evidence of such involvement in criminal activity will adversely affect her application for discretionary relief.

Although the record reveals that the respondent's sister, with whom the respondent is living, is a lawful permanent resident, no other significant favorable factors have been presented. We conclude, as did the immigration judge, that there are insufficient equities in the respondent's behalf to outweigh the evidence of the respondent's entry with the assistance of professional smugglers. The respondent does not merit a favorable exercise of discretion. See generally *Matter of Arai*, 13 I. & N. Dec. 496 (BIA 1974.

The decision of the immigration judge is correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.