MATTER OF CASTRO

In Deportation Proceedings

A-20980487

*Decided by Board December 28, 1976*

(1) Admission by respondent at deportation hearing that he was not a citizen or national of the United States, and was a native and citizen of Mexico, is sufficient to establish alienage and respondent then has the burden to show time, place, and manner of entry into the United States as required by section 291 of the Immigration and Nationality Act, and prove his right to be in the United States. Failure to do so establishes deportability by clear, convincing, and unequivocal evidence.

(2) Once deportability is established by sufficient evidence at hearing, any defect in the arrest procedure is of no consequence in the deportation proceedings.

(3) While 8 C.F.R. 242.1(b), and 8 C.F.R. 242.13 require that respondent must be notified of adjournments or continuances after the hearing commences, such notice need not necessarily be served as provided in 8 C.F.R. 103.5(a). While a written notice might be helpful for record purposes, verbal notification to respondent's counsel present at hearing which gives the necessary details concerning the adjournment to the parties is sufficient to comply with due process requirements and those of 8 C.F.R. 242.1(b), 8 C.F.R. 242.13, and 8 C.F.R. 292.5(a).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT: Gary H. Manulkin, Esquire
1441 Wright Street
Los Angeles, California 90015

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

The respondent appeals from an immigration judge's decision dated July 15, 1975. The immigration judge found the respondent deportable as charged, granted him 31 days voluntary departure, and entered an alternate order providing for the respondent's deportation to Mexico. The appeal will be dismissed.

Counsel for the respondent attacks the immigration judge's decision, basically, on the grounds that the evidence submitted by the Service to establish deportability should have been suppressed, and that the respondent was denied due process of law by the alleged defective notice

of the July 15, 1975, hearing. The legality of the evidence submitted by the Service need not be discussed since the deportability of the respondent is established by his admissions at the June 2, 1975, hearing. The respondent's contention that due process was denied is rejected.

At the June 2, 1975, hearing, the respondent, assisted by his counsel, admitted that he is not a citizen or national of the United States and that he is a native and citizen of Mexico. These admissions establish alienage. Once alienage is established, it is the respondent's burden to show the time, place, and manner of his entry. See section 291 of the Immigration and Nationality Act. If the alien fails to establish his right to be in the United States, his deportability is established clearly, convincingly, and unequivocally. *Matter of Fereira*, Interim Decision 2251 (BIA 1973); *Matter of Wong*, 13 I. & N. Dec. 820 (BIA 1971); *Matter of Tang*, 13 I. & N. Dec. 691 (BIA 1971). See *Trias-Hernandez* v. *INS*, 528 F.2d 366 (9 Cir. 1975). Since deportability has been established by the respondent's own admissions at the hearing where he was represented by counsel, it is unnecessary to discuss the legality of the other evidence in the record. We should mention that it is well settled that if deportability is established by sufficient evidence at the hearing, any defect in the arrest procedure is of no consequence in the deportation proceedings. *U.S. ex rel. Bilokumsky* v. *Tod*, 263 U.S. 149 (1923); *La Franca* v. *INS*, 413 F.2d 686 (2 Cir. 1969); *Vlissidis* v. *Anadell*, 262 F.2d 398 (7 Cir. 1959). See *Matter of Davila*, Interim Decision 2521 (BIA August 23, 1976); *Matter of Rojas*, Interim Decision 2444 (BIA 1975).

We also hold that counsel for the respondent was properly informed of the July 15, 1975, continuance. 8 C.F.R. 292.5(a), which counsel cites on appeal in support of his argument, requires that when a person is represented by an attorney, any required notice must be served on the attorney. However, although the respondent must be apprised of adjournments or continuances, the notification of adjournments or continuances required by 8 C.F.R. 242.1(b) or 8 C.F.R. 242.13 after the hearing commences before the immigration judge is not the kind of notice that must necessarily be served in any of the manners specified in 8 C.F.R. 103.5(a). Our interpretation of what due process and 8 C.F.R. 242.13 require is that once the hearing commences, the immigration judge can adjourn the hearing, when in his sound discretion such an adjournment is required, informing the parties so as to give them a reasonable opportunity to be present. Cf. *Matter of Marallag*, 13 I. & N. Dec. 775 (BIA 1971). Of course, when such information is not given during the hearing, usually that notification will be effected using one of the means specified in 8 C.F.R. 103.5(a). While a written communication which will avoid misunderstandings and preserve evidence of the action taken is preferable, a verbal communication which gives the necessary details concerning the adjournment to the parties is equally effective.

In the case at hand, the immigration judge stated at the July 15, 1975, hearing that he had verbally informed counsel for the respondent of the new date for the continuation of the hearing. The respondent was present on that date. Counsel for the respondent does not deny on appeal having been told orally of the new date. The respondent did not ask for a continuance at the continued hearing. The respondent was given the only discretionary relief to which he was entitled, voluntary departure. The respondent's deportability was sufficiently established by the evidence produced on June 2, 1975, when he was represented by counsel. Under these circumstances, we find there was no prejudice to the respondent in the proceedings below. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.