## MATTER OF FLORES

### In Deportation Proceedings

### A-11672280

*Decided by Board April 29, 1976; Amended June 24, 1976*

(1) Respondent was found guilty at trial of two counts of aiding and abetting certain aliens to enter the United States by a wilfully false and misleading representation of a material fact. The aliens involved testified at the trial and were cross-examined by respondent. These aliens were unavailable to testify at respondent's deportation hearing brought under section 241(a)(13) of the Immigration and Nationality Act, and a transcript of the trial containing the sworn testimony of the aliens was received into evidence. Respondent was found deportable as charged. Where the aliens who had testified at the trial were unavailable to testify at the deportation hearing, it was proper to receive the trial transcript into evidence at the deporation hearing where a diligent effort had been made by the Service to locate the missing aliens prior to the hearing; the respondent had cross-examined the missing aliens at the earlier trial; and the deportation hearing produced corroborative evidence.

(2) Evidence of criminal activity which has as its purpose the circumvention of the immigration laws will adversely affect an application for discretionary relief in the absence of outstanding equities. Where, as here, such equities are lacking, respondent's application for the privilege of voluntary departure will be denied as a matter of discretion.

CHARGE: Act. of 1952—Section 241(a)(13) [8 U.S.C. 1251 (a)(13)]—Prior to entry, smuggled aliens into the United States.

ON BEHALF OF RESPONDENT: Lou Sanchez, Esquire
1725 West Beverly Blvd., Suite 4
Los Angeles, California 90026

In a decision dated August 11, 1975, an immigration judge found the respondent deportable under secton 241(a)(13) of the Immigration and Nationality Act, ordered his deportation, and denied his request for the privilege of voluntary departure. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 36-year-old- native and citizen of Mexico. He was first admitted to the United States for permanent residence on February 22, 1969. He last entered the United States on February 13, 1971. Following this last entry, he was stopped by immigration officers while driving towards Los Angeles. In the car with him were his wife and two

men whom he claimed he had picked up in Calexico, California in a Safeway parking lot. The three men were arrested. The Government charged that the respondent provided the two other aliens with documents to enter the United States and promised them transportation into the interior of the country once they had entered. In return he was to be paid $150. On February 18, 1971, five days later, the respondent was found guilty of two counts of "aiding and abetting certain aliens to enter the United States by a wilfully false and misleading representation of a material fact. . . ." He was sentenced to 180 days on each count, the sentences to run consecutively.

The respondent denies both that he aided and abetted the aliens to enter or that he was promised any money to do so. The record contains a transcript of the trial held before a magistrate in the United States District Court for the Southern District of California. This transcript, which was received into evidence, includes the sworn testimony of both the aliens. They testified that the respondent supplied them with "passports" with which to make their entry and that they expected to pay him $150 each. The respondent cross-examined both aliens at the trial. The aliens did not testify at the deportation hearing because the Service was unable to locate either of them although a diligent effort to do so was made.

In two recent cases, the Court of Appeals for the Ninth Circuit allowed affidavits by aliens who could not be located at the time of the deportation hearing to be admitted into evidence. Although there had been no opportunity to cross-examine the missing aliens under oath, a diligent effort was made to locate then and there was corroborative evidence. *Hernandez* v. *INS*, 498 F.2d 919 (C.A. 9, 1974); *Martin-Mendoza* v. *INS*, 499 F.2d 918 (C.A. 9, 1974).

In this case, not only had a diligent effort been made to locate the missing aliens, but also the respondent had cross-examined the aliens at the earlier trial and the hearing produced corroborative evidence. The record contains both a sworn statement by the direct testimony of the respondent's ex-wife stating that the respondent supplied the aliens with "passports" and that he was promised $150 each for helping them to enter this country. The respondent's ex-wife was cross-examined at the deportation hearing both on her testimony and the contents of her affidavit.

We are satisfied that the evidence taken as a whole establishes clearly, convincingly, and unequivocally that the respondent knowingly and for gain aided and abetted two other aliens to enter the United States in violation of law. He is therefore deportable under section 241(a)(13) of the Act.

The immigration judge denied the respondent the privilege of voluntary departure on the ground that he could not establish the requisite

good moral character within the meaning of sections 101(f)(3) and 101-(f)(7) of the Act. Although he may no longer be statutorily ineligible due to the lapse of time since his conviction and confinement, we find it unnecessary to reach this issue, as we will deny him the privilege of voluntary departure as a matter of discretion. Even if his conviction and confinement may not be taken into account in the exercise of discretion. Cf. *Matter of Turcotte*, 12 I. & N. Dec. 206 (BIA 1967). The respondent was convicted of a crime the purpose of which was the circumvention of the immigration laws of the United States. In the absence of outstanding equities in his behalf, evidence of involvement in such criminal activity will adversely affect an application for discretionary relief. Cf. *Matter of Rojas*, 15 I. & N. Dec. 492 (BIA 1975).

The respondent is divorced from his United States citizen wife, although he does have a brother and sister in this country. He stated that he is a butcher; however, he is not now working as such. Any equities in his favor are insufficient to outweigh the adverse factors. The privilege of voluntary departure will be denied.

ORDER: The appeal is dismissed.