Costas **TSIMOUNIS**, Plaintiff,

v.

**J. W. HOLLAND**, District Director, Immigration and Naturalization Service, Defendant.

Civ. A. No. 19123.

United States District Court
E. D. Pennsylvania.
July 21, 1955.

J. J. Kilimnik, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., and Alan J. Swotes, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

CLARY, District Judge.

Costas Tsimounis, plaintiff herein, a merchant seaman, now twenty-eight years of age, a native and citizen of Greece, first arrived in the United States at the port of Portland, Maine, in January, 1952, as a seaman on board the S. S. Atlantic Princess. After that time he was in the United States on several occasions as a seaman. He last arrived in the United States at the port of Philadelphia, Pennsylvania, on May 6, 1952, on the S. S. Atlantic Princess as a member of the crew. He was granted shore leave as a seaman under the provisions of Section 3(5) of the Immigration Act of 1924[1] for the time the vessel remained in the United States port, not to exceed 29 days. On the following day, May 7, 1952, he was reported by the Master of the vessel to the authorities as a deserting seaman. At no time did he have a valid immigration visa but merely a certificate of admission for an alien seaman.

On May 8, 1953, plaintiff was apprehended near Conshohocken, Pennsylvania, by two patrol inspectors of the Immigration and Naturalization Service. At the time he was working with a crew of men who were painting the Mill Creek Road Bridge near the Borough of Conshohocken. The foreman on the particular job called the plaintiff over to the patrol inspectors and, with one of his co-workers, who spoke Greek, acting as interpreter, plaintiff was questioned as to his nationality by the patrol inspec-

1. Now 8 U.S.C.A. § 1101(a) (15) (D).

tors. At that time he freely gave information to the inspectors as to the time and place he arrived in the United States and the fact that when he left the ship he intended to remain in the United States as long as he could. The patrol inspectors arrested plaintiff and took him to District Headquarters when he was questioned further, through an interpreter, and at that time he furnished a written statement setting forth the above detailed facts. He also added the further fact that when he left the ship it was his intention to go to Philadelphia to live and to stay as long as he could. He voluntarily delivered to the inspectors his Greek seaman's identification certificate which contained his date of birth and the date of the issuance of the certificate. The only search of the plaintiff conducted by the inspectors was "padding" his arms and body to make certain he was not carrying weapons. By his own admissions to the Immigration Inspectors, his written statement at District Headquarters, and his testimony in Court, plaintiff freely admits that at the time of his entry into the United States he did not have a valid immigration visa. The only discrepancy in his testimony at the hearing conducted under the warrant of arrest, his admissions and written statement, and his testimony in court was that he formed the intention of remaining in the United States not at the time of leaving the ship but approximately twenty-four hours after he had left the ship. Hearings under the warrant of arrest were held on June 11, 1953 and June 18, 1953 at Philadelphia, Pennsylvania, before Loyd H. Matson, Special Inquiry Officer, Immigration and Naturalization Service, at which time the plaintiff was represented by counsel. A decision was rendered by the Special Inquiry Officer on June 18, 1953 recommending deportation of the respondent under Section 241(a) (1) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (1), in that, at the time of entry he was within one or more of the classes of aliens excludable by the law existing at the time of such entry, to wit, an immigrant not in possession of a valid immigration visa in violation of Section 13(a) of the Act of May 26, 1924[2] and not exempt from the presentation thereof by the said Act or regulations made thereunder, and further recommending against voluntary departure. An appeal was taken by plaintiff to the Board of Immigration Appeals, which was heard on oral argument and briefs on August 12, 1953, and a decision dismissing the appeal was filed on April 30, 1954. A warrant of deportation issued on the 7th day of May, 1954, and the plaintiff was released on bond. The plaintiff was ordered under the aforesaid warrant to report for actual deportation on June 30, 1955, whereupon this action was filed June 21, 1955, asking that the warrant of deportation be set aside and the defendant J. W. Holland, District Director, Immigration and Naturalization Service, be restrained from deporting plaintiff. On June 22, 1955 this Court granted a temporary restraining order pending hearing of the action for declaratory judgment. The defendant has filed a motion for summary judgment on the ground that from the pleadings and record the defendant is entitled to judgment as a matter of law. A hearing was held on July 13, 1955 at which time the testimony of the plaintiff was taken. The facts in the case are not in dispute.

The grounds for relief as set out in the complaint are as follows:

(1) That the Administrative hearing before the Special Inquiry Officer of the Immigration and Naturalization Service violated the Immigration and Nationality Act of 1952 and that the proceedings were, therefore, null and void;

(2) That plaintiff was deprived of due process of law under the Fifth Amendment to the Constitution of the United States;

(3) That the arrest of the plaintiff without a warrant was illegal, unconstitutional and void;

2. Now 8 U.S.C.A. § 1181(a).

(4) That the plaintiff had been subjected to illegal search and seizure in violation of the Fourth Amendment to the Constitution of the United States;

(5) That Section 287(a) (1) and (2) of the Immigration and Nationality Act, 8 U.S.C.A. § 1357(a) (1) and (a) (2) are unconstitutional.

The objections raised to the action of the administrative agency are entirely without merit. The question as to whether a Special Inquiry Officer may conduct an administrative hearing under the Immigration and Nationality Act of 1952 has been settled by the decision of the United States Supreme Court on May 31, 1955 in Marcello v. Bonds, 1954, 349 U.S. 302, 75 S.Ct. 757.

As to the contention that plaintiff was deprived of due process of law under the Fifth Amendment to the Constitution of the United States, Section 287(a) (1) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1357 (a) (1), provides statutory authority for an officer of the Immigration and Naturalization Service to interrogate any alien or person believed to be an alien as to his right to be or remain in the United States without a warrant. The objection that he was compelled to testify against himself is entirely groundless.

With respect to the contention that plaintiff was illegally arrested without a warrant, Section 287(a) (2) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1357(a) (2) likewise provides statutory authority for an officer of the Immigration and Naturalization Service to arrest without a warrant any alien who the official of the agency believes is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest. Under the circumstances, the action of the patrol inspectors, knowing that the alien was in the United States without a valid immigration visa and had been reported one year before as a deserting seaman, was entirely justified. The arrest without a warrant was strictly in accordance with the law and violated no constitutional privileges of plaintiff.

Answering the contention of illegal search and seizure in violation of the Fourth Amendment to the Constitution of the United States, the plaintiff freely testified at the hearing in this Court that any documents he gave to the inspectors were given willingly and voluntarily.

The final contention is that Section 287(a) (1) and (2) of the Immigration and Nationality Act, 8 U.S.C.A. § 1357(a) (1) and (2) are unconstitutional. I find, however, that the constitutionality of these sections was expressly raised by plaintiff's own counsel in the case of United States v. Correia, 1953, 3 Cir., 207 F.2d 595 where, in a per curiam opinion, the United States Court of Appeals for the Third Circuit upheld the constitutionality of these sections.

The only remaining question is as to the time when the plaintiff decided to remain in the United States and actually became a deserting seaman. His testimony was that after leaving the ship and seeing what the United States was, he decided to remain. This statement, of course, as stated before, contradicts his admissions to the inspectors at the scene of his arrest and his sworn statement given on the same day at the office of the District Director of the Immigration and Naturalization Service. The argument might have some merit, had this been the first trip of the plaintiff to the United States. But he had been in this country many times before. The conclusion of the Special Inquiry Officer that he had formed the intention to desert at the time he left the ship is amply supported by the evidence.

I have carefully examined the record made in this case and I can find no irregularities either in the manner in which the plaintiff was taken into custody or any evidence of an illegal search and seizure of the plaintiff. The inspectors were fully justified in making a casual search for weapons. The testimony is crystal clear that no illegal

search and seizure of his person was made. Any personal property which the plaintiff turned over to the inspectors was freely and voluntarily delivered to them by the plaintiff. I can only conclude that the proceedings as conducted by the Immigration and Naturalization Service were entirely fair and in accordance with established procedures.

 There being no dispute as to any material fact and the charge of deportability, to wit: violation of the Immigration and Nationality Act of 1952 (no immigration visa as required by Act of 1924) having been established by substantial, competent and probative evidence, it follows that the motion for summary judgment must be granted. This is particularly true in an action of this nature where the scope of review by this Court is limited by Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009; I find that the proceedings as conducted by the administrative agency in this instance have met all the requirements of that section.

An appropriate order will be entered.