**Costas TSIMOUNIS, Appellant,**

v.

**J. W. HOLLAND, District Director, Immigration and Naturalization Service.**

No. 11750.

United States Court of Appeals Third Circuit.

Argued Dec. 9, 1955.

Decided Jan. 6, 1956.

---

1.  See also Chattanooga Automobile Club v. Commissioner, 6 Cir., 1950, 182 F.2d 551.

J. J. Kilimnik, Philadelphia, Pa., for appellant.

Eugene J. Bradley, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

Appellant, an alien seaman, filed a complaint in the district court seeking review of an order of the Department of Justice, Immigration and Naturalization Service, to deport him. A temporary restraining order was issued and the Government moved for summary judgment. The application for injunction and the Government's motion were combined for hearing at which time appellant testified. Following that testimony his counsel advised the court he would "[r]est on the record as presented to the Immigration authorities plus what the plaintiff testified to today." What actually took place was in effect a final hearing on the merits of appellant's complaint.[1] There is no contention that any other or further evidence should have been or could have been presented on behalf of the appellant.

It is urged for appellant that he was illegally arrested and subjected to illegal search and seizure, that the deportation proceeding should have been conducted by a hearing examiner under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. and that the deportation order was not based upon reasonable, substantial and probative evidence.

The deportation proceedings were properly heard before a Special Inquiry Officer. Section 242(b) Immigration and Nationality Act, 8 U.S.C.A. § 1252(b); 8 U.S.C.A. § 1101(b); 8 C.F.R. § 9.1(b). And see Marcello v. Bonds, 1955, 349 U.S. 302, 75 S.Ct. 757. The record is clear that, as found by the district court, there was no illegal arrest or illegal search and seizure. In the situation, under 8 U.S.C.A. § 1357(a) (1, 2) the patrol inspectors were entitled to interrogate appellant and to arrest him in the reasonable belief he was in this country illegally. Appellant himself testified that the documents now asserted to have been illegally seized from him were given by him voluntarily to the inspectors. They consisted of appellant's passport and a personal letter.

The proofs are conclusive that appellant is in this country without an unexpired immigration visa and had the intention of staying as long as he could. He is here illegally. 8 U.S.C.A. § 1181 (a).

The judgment of the district court will be affirmed.

1. 1955, 132 F.Supp. 754.