**Manuel Guerreiro VALERIO, Plaintiff,**

v.

**Henry L. MULLE, Acting District Director, Immigration and Naturalization Service, Defendant.**

**Civ. A. 18279.**

United States District Court
E. D. Pennsylvania.

Oct. 22, 1956.

J. J. Kilimnik, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiff, an alien, is being held for deportation to his native country. He was arrested and given a hearing before a Special Inquiry Officer of the Immigration and Naturalization Service. The Inquiry Officer ordered him to be deported. He appealed to the Board of Immigration Appeals, which sustained the order of the Inquiry Officer. He has filed this action requesting (1) a declaratory judgment in his favor, (2) a review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and (3) an injunction restraining the defendant from deporting him. Defendant has filed a motion for summary judgment in his favor.

No hearing has been held in this court, nor have any affidavits been submitted. The facts in the case have been developed from the testimony which was elicited at the hearing before the Special Inquiry Officer.

Plaintiff entered the United States on April 15, 1953, as a visitor for business, and not as an immigrant, with permission to remain in the United States for a period of three months. No extension of this permission has been granted. Consequently, it is clear that plaintiff is in the United States without permission and is subject to deportation. Because of this defendant contends that summary judgment should be entered in his favor.

Plaintiff does not contend that he is in this country validly, but he contends that the motion for summary judgment against him should be denied because of alleged procedural defects in the deportation proceedings, one of the alleged defects being that plaintiff was arrested without a warrant.

The facts of plaintiff's arrest are: On April 22, 1954, plaintiff was approached by two immigration officers while he was working at his job as a laborer and asked by them when he entered the United States. They also asked him for his "documents." Plaintiff told them that he did not have his "documents" with him, but that they were in the room in which he lived. The officers and plaintiff then proceeded together to plaintiff's room where plaintiff gave them his passport. The officers immediately put him under arrest. No

warrant for plaintiff's arrest was issued until April 23, 1954, which was the day after he had been taken into custody. No search warrant has ever been issued.

It is provided in the Immigration and Nationality Act of 1952, § 287(a) (2), 8 U.S.C.A. § 1357(a) (2), that an immigration officer without a warrant is authorized:

> * * * to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest * * *."

■ The officers clearly had a right to arrest plaintiff without a warrant if they had reason to believe (as evidently they did) that he was in the United States in violation of the immigration laws and if it reasonably appeared to them that he might escape before a warrant could be obtained. The evidence in respect to why the officers arrested without a warrant is not very clear. The only witness at the hearing before the Inquiry Officer was the plaintiff. Neither of the arresting officers testified. There is nothing to indicate that plaintiff would have escaped if the officers had not made the arrest until after they had obtained a warrant. Under the circumstances it would be unwise to grant defendant's motion for summary judgment without ordering a hearing in the case, at least to look into the question as to why the arresting officers made the arrest a day before they obtained a warrant.

■■ A defect in the original arrest of an alien will not necessarily void a deportation proceeding. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158, 44 S.Ct. 54, 68 L.Ed. 221, D'Agostino v. Sahli, 5 Cir., 230 F.2d 668, 671. However, it should be remembered that aliens in the United States are entitled to the protection of its constitution and laws with respect to their rights of person and property and they are entitled to this protection under certain circumstances, in both criminal and civil proceedings against them. Fong Yue Ting v. United States, 149 U.S. 698, 724, 13 S.Ct. 1016, 37 L.Ed. 905, United States ex rel. De Luca v. O'Rourke, 6 Cir., 213 F.2d 759, 763.

To support his motion for summary judgment defendant relies on the case of Tsimounis v. Holland, 3 Cir., 228 F.2d 907; Id., D.C., 132 F.Supp. 754 (Judge Clary). The Tsimounis case is quite similar to the present case but it is distinguishable in that in the Tsimounis case the facts do not show that the alien was arrested a substantial time before a warrant of arrest was obtained. Besides, unlike the present case, a hearing had been held before the court in the Tsimounis case, thereby giving the court a good opportunity to obtain all the facts of the case including the manner in which the arrest was made.

Defendant's motion for summary judgment in his favor will be denied.