Herminia Venus VALEROS, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 16087.

United States Court of Appeals
Seventh Circuit.

Nov. 28, 1967.

Samuel D. Myers, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Chicago, Ill., for respondent.

Before KNOCH, KILEY and FAIR-CHILD, Circuit Judges.

KILEY, Circuit Judge.

A Special Inquiry Officer of the Immigration and Naturalization Service (Service) found petitioner subject to deportation, granted her the privilege of voluntary departure, but ordered her deported should she not depart voluntarily. The Board of Immigration Appeals dis-

missed petitioner's appeal from the Officer's decision. Petitioner has appealed to this court to set aside the order. We deny the petition.

The proof which was introduced by the government at petitioner's deportation hearing consists of petitioner's own testimony and several official Service documents. On the basis of this proof the Hearing Examiner concluded that petitioner was an "Exchange Visitor" and that her period of authorized residence in this country had expired.

Petitioner initially refused to testify at the hearing on the Fifth Amendment ground that her answers might subject her to prosecution for perjury in view of a previous statement she had been "forced" to give under oath. The Hearing Examiner ordered her to answer, and she complied.

█ The Examiner correctly recognized that the Fifth Amendment privilege may be asserted in proceedings before the Service. United States ex rel. Zapp v. District Director, 2 Cir., 120 F.2d 762; Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938, but grounded his order on his conclusion that there was no danger of self-incrimination to petitioner in this case because a forced statement could not be used as the basis for a prosecution for perjury.

The Service's Board of Appeals first concluded that the Examiner had correctly ordered petitioner to testify and that her testimony was properly considered in determining her deportability. The Board further decided that even if petitioner had been improperly forced to testify this illegal compulsion did not prevent the use of her testimony in a deportation proceeding since "deportation is a civil matter."

█ The Board of Appeals was in error. The Hearing Officer's order was improper, since the circumstances surrounding the "forced statement" were not before him, and he could not reasonably determine that it was " 'perfectly clear, from a careful consideration of all the circumstances in the case, that [petitioner] [was] mistaken, and that the answer[s] [could not] possibly have such tendency' to incriminate." Hoffman v. United States, 341 U.S. 479, 488, 71 S.Ct. 814, 819, 95 L.Ed. 1118. Furthermore, if the Board's decision that despite the violation of petitioner's constitutional rights the Service could use her testimony is upheld, the result would be not only to sanction the Hearing Officer's denial of petitioner's Fifth Amendment right to remain silent, but to permit the government to gain from the violation of this right. It would be anomalous to use testimony compelled in violation of the Fifth Amendment in a deportation proceeding to deprive petitioner of liberty which she would have, unless deported. Ng Fung Ho v. White, 259 U.S. at 284, 42 S.Ct. 492. We therefore conclude that the testimony given under compulsion of the Officer's ruling was not usable against the petitioner in this deportation proceeding.

█ This conclusion does not, however, warrant our setting aside the order which is the subject of this appeal. There were ample official documents presented by the Service to the Officer to support the findings that petitioner entered the United States from her native Republic of the Philippines as an exchange visitor on November 17, 1963, that she was authorized to remain in the United States until July 13, 1966, and that she remained in the United States after that terminal date.

█ The only challenge to the documents at the hearing was that there was no proof identifying the petitioner as the Herminia Venus Valeros named in the documents. In the absence of proof by petitioner that she was not the Herminia Venus Valeros named in the documents, the documentary proof was sufficient to prove alienage. Vlisidis v. Holland, 3 Cir., 245 F.2d 812, 814; Chung Young Chew v. Boyd, 9 Cir., 309 F.2d 857, 867; Williams v. Mulcahey, 6 Cir., 250 F.2d 127, 128.

Petition to set aside the order appealed from is denied.