**SHING HANG TSUI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 16246.**

United States Court of Appeals
Seventh Circuit.

Jan. 31, 1968.

Samuel D. Myers, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

PER CURIAM.

The petitioner, Shing Hang Tsui, deserted the ship on which he was serving as a crewman while it was docked at Chicago, Illinois on October 30, 1965. On July 8, 1966, investigators of the Immigration and Naturalization Service arrested the petitioner at his place of employment without a warrant. He was served with an order to show cause on the same day. At the hearing held before a Special Inquiry Officer, the petitioner objected to the introduction into evidence of certain exhibits on the ground that they had been obtained from him in the course of an allegedly illegal arrest. In addition, the petitioner objected to the introduction of a statement given to immigration officials after the order to show cause had been issued but before the deportation hearing. The Special Inquiry Officer ordered the petitioner deported and denied his request for voluntary departure. The Board of Immigration Appeals dismissed his appeal.

In this court, the petitioner contends that the illegality of his arrest and the inadmissibility of various exhibits necessitate that the orders of deportation and denial of voluntary departure be set aside. Upon a consideration of the briefs, the record, and the oral arguments in this petition for review, we conclude that the petitioner is not entitled to the relief he seeks.

8 U.S.C. § 1357(a) (1) gives any officer or employee of the Service the right "to interrogate any alien * * as to his right to be or to remain in the United States." Pursuant to 8 C.F.R. § 242.14(c), "any oral or written statement * * * previously made by the respondent [petitioner] * * * during any investigation" may be received in evidence by the Special Inquiry Officer. The record indicates that petitioner's statement prior to the hearing was made after he was warned of his rights to remain silent and consult an attorney and that the signature appearing thereon was his. That statement alone contained sufficient admissions to support the order of deportation and the denial of voluntary departure. Even assuming some infirmity in petitioner's warrantless arrest which might taint the documents seized from him, a deportation order will not be set aside when there is ample competent evidence, as in this case, which, standing alone, will support the order. Valeros v. Immigration and Naturalization Service, 387 F.2d 921 (7th Cir. Nov. 28, 1967).

The petition to set aside the order of deportation and the denial of voluntary departure is denied.

SCHNACKENBERG, Circuit Judge (concurring).

Inasmuch as I am convinced that the reasons given in the foregoing opinion are sound and are applicable to the facts of this appeal, I concur therein.