MATTER OF LANE

In Deportation Proceedings

A-19698248

*Decided by Board November 24, 1970*

Admissions made by an alien to a Service officer in a preliminary interroga-
tion at a Travelers Aid Society office, in a non-custodial setting, were not
tainted by the absence of a warning of the type used in *Miranda* v. *Ari-
zona*, 384 U.S. 436 (1966), and constitute competent evidence to support
an order of deportation.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Visitor—
remained longer.

ON BEHALF OF RESPONDENT:
David Carliner, Esquire
425 - 13th Street, N.W.
Room 932
Washington, D.C. 20004
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Brief filed)

Respondent appeals from the special inquiry officer's order re-
quiring her deportation. Counsel contends that the special inquiry
officer's reliance upon respondent's admissions to Service officers
before the deportation hearing was improper because they were
made without respondent having been advised of her right to
counsel and her right to refuse to answer questions. The appeal
will be dismissed.

The facts have been fully stated by the special inquiry officer.
The following summary is taken from testimony of Service wit-
nesses, Mr. Morelli and Mr. Fell; respondent refused to testify on
claim of privilege. On March 12, 1970, Mrs. Ziegler, an em-
ployee of the Travelers Aid Society, Richmond, Virginia, called
Mr. Titcomb of the Immigration Service and informed him that a
prostitute female of Irish nationality was in her office seeking as-
sistance. Mr. Titcomb advised Mr. Morelli, a Service investigator,
of the fact. At about 2 p.m. of the same day, Mr. Morelli accom-

panied by Mr. Fell, another Service official, went to the Society's office, a short distance away. The officers identified themselves to the respondent. Since she was not considered to be in custody, she was not, prior to questioning, given the warning concerning the right to representation and to remain silent, which is given to a witness who is in custody. Mr. Morelli questioned her and found out she was an alien who had been admitted from Canada on June 8, 1966, as a temporary visitor for three weeks, and that she was unlawfully in the United States since she had remained longer than she had permission to remain. Mr. Morelli had the authority to permit respondent to leave the United States without the institution of deportation proceedings. He told respondent that she would be permitted to leave voluntarily if she could arrange for transportation to Canada; if she could not, he would take her into custody and commence deportation proceedings. Mrs. Ziegler offered to determine whether her organization would provide transportation. This would take time. Mr. Morelli, therefore, suggested that respondent accompany him to the Service office to await the outcome of Mrs. Ziegler's efforts. Respondent, Mr. Morelli, and Mr. Fell walked to the Service office. At about 3:15 p.m., Mrs. Ziegler called with the information that her organization could not pay for transportation. Mr. Morelli then advised the respondent she was under arrest. He gave her a warning about her rights. He took a statement from her in which she admitted alienage and the manner of her entry. He had not considered respondent under arrest until he told her she was under arrest; however, had she attempted to leave the Immigration office before being placed under arrest, he would have attempted to restrain her.

At the deportation hearing, counsel asked that Mrs. Ziegler and Mr. Titcomb be called as witnesses. He hoped to establish that before Mrs. Ziegler called the Service, she had such custody over respondent that respondent was actually under arrest when the Service officers arrived. Mr. Morelli testified that there had been no arrangement with Mrs. Ziegler for the detention of aliens illegally in the United States. Counsel's request was denied.

After oral argument on the appeal, counsel submitted a letter stating that Mrs. Ziegler and other employees of the Travelers Aid Society were willing to give depositions concerning the matter if proceedings were reopened. There is no indication as to the nature of the testimony. Counsel asks that the proceedings be reopened for the taking of such testimony. The record also contains

the Service memorandum in opposition to the request and counsel's reply.

The record establishes that respondent is deportable. The statements made at the Society's office as to alienage and the nature of her entry establish this. The interrogation there did not have to be preceded by a warning of the type used in *Miranda v. Arizona*, 384 U.S. 436 (1966). Such warning is required in a custodial setting or when the person questioned is the subject of a criminal investigation. Neither of these situations existed here. There was merely an on-the-scene interrogation, reasonable in nature, relatively short in duration, and there was an absence of a reasonable possibility that there would be a criminal prosecution.

The absence of a custodial setting before the Service officers came is clear. Respondent was never in Mrs. Ziegler's custody. The record establishes that Mrs. Ziegler did not detain respondent prior to the arrival of the Service officers. Moreover, since Mrs. Ziegler is a private citizen, a custodial setting requiring a *Miranda* warning would not have existed even if she had attempted to detain respondent, *Yates v. United States*, 384 F.2d 586, 588 (5 Cir., 1967). The absence of a custodial setting, after the Service officers came and when they first questioned respondent, is clear. Respondent did not testify that she had remained for the questioning at the office of the Society because of the assertion of custody by the Service. Mr. Morelli testified that respondent was not arrested at the Travelers Aid office. The Service officers did not go to Mrs. Ziegler's office to arrest respondent. They knew only that a destitute alien was there. They did not know she was illegally in the United States. Even if they found her to be illegally in the United States, they were not required to take her into custody. They could have authorized her to depart without taking her into custody, 8 CFR 242.5. They went to determine the facts. Thus, the absence of a *Miranda* warning did not taint the admissions made at the Society's office, *Yam Sang Kwai v. INS*, 411 F.2d 683 (D.C. Cir., 1969), cert. denied 396 U.S. 877; *United States v. Cho-Po-Sun*, 409 F.2d 489 (2 Cir., 1969), cert. denied 396 U.S. 864; *Nason v. INS*, 370 F.2d 865 (2 Cir., 1967); *Amaya v. United States*, 247 F.2d 947 (9 Cir., 1957), cert. denied 355 U.S. 916; *United States v. Montez-Hernandez*, 291 F. Supp. 712 (Cal., 1968); *United States v. Mendoza-Torres*, 285 F. Supp. 629 (Ariz., 1968) ; *Tsimounis v. Holland*, 132 F. Supp. 754 (E.D. Pa., 1955), affirmed 228 F. 2d 907 (3 Cir., 1956); *Matter of Methure*, Interim Decision No. 2035 (BIA, 1970); *Matter of Au*, Interim Decision No. 1981 (BIA, 1969). See

*United States* v. *Prudden,* 424 F.2d 1021, 1028 (5 Cir., 1970); *Bendelow* v. *United States,* 418 F.2d 42 (5 Cir., 1969); *Lucas* v. *United States,* 408 F.2d 835 (9 Cir., 1969).

Counsel cites *United States* v. *Dickerson,* 413 F.2d 1111 (7 Cir., 1969), holding that *Miranda* warnings must be given to a taxpayer when a federal tax investigation moves from a civil into a criminal one. *Dickerson* turns on the distinction between a civil and a criminal investigation. The Service interrogation at the Society's office was for the purpose of determining whether the respondent was an alien and, if so, whether she had the right to remain in the United States. This is a civil matter. There is no showing that it ever went beyond this stage. Furthermore, *Dickerson* expresses a minority rule, *United States* v. *Brevik,* 422 F.2d 449, 450 (8 Cir., 1970), cert. denied 397 U.S. 1056.

The admissions made by the respondent at the Service office after she had been taken into custody were preceded by a *Miranda* warning. These admissions were also competent evidence to support the order of deportation. Therefore, even assuming some infirmity in petitioner's questioning at the Travelers Aid office, the deportation order would not be set aside, *Shing Hang Tsui* v. *INS,* 389 F.2d 994, 995 (7 Cir., 1968).

The special inquiry officer properly denied the issuance of subpoenas for Mrs. Ziegler and Mr. Titcomb. Counsel had failed to establish what he would prove by the testimony of these witnesses. He had not shown that they were not available. The finding of deportation does not rest upon the testimony of these individuals. Furthermore, whether or not respondent had been detained before the Service officers arrived was not material. Counsel's request on appeal that the case be remanded for the taking of depositions from employees of the Travelers Aid Society is denied. Counsel does not establish this evidence is material. In fact, he fails to show what he would prove by this testimony, 8 CFR 287.4.

**ORDER:** The appeal is dismissed.