## MATTER OF MARQUES

### In Deportation Proceedings

### A-17241244

*Decided by Board March 11, 1975*

When a respondent is seeking the discretionary benefit of suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, and the discretionary relief of voluntary departure under section 244(e) of the Act, he must establish that his deportation would result in extreme hardship and that he has been a person of good moral character during the requisite period of time. Where during the course of the deportation proceedings it was disclosed that when he was stopped for a traffic violation in 1972, he had about $54,000 in his possession, and he claimed the Fifth Amendment privilege against self incrimination concerning the ownership and source of the money, and the only evidence presented to show extreme hardship related to loss of future access to financial benefits, he failed to meet his burden to establish eligibility for the benefits he sought.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—failed to comply with conditions of nonimmigrant status.

ON BEHALF OF RESPONDENT:  
Galen H. Wilkes, Esquire  
3550 N. Central Ave., Suite 404  
Phoenix, Arizona 85012

ON BEHALF OF SERVICE:  
William E. Weinert, Esquire  
Trial Attorney

This is an appeal from the immigration judge's decision denying the respondent's application for suspension of deportation pursuant to section 244(a)(1) of the Act and denying voluntary departure. The appeal will be dismissed.

The record relates to a single male alien, 41 years of age, a native and citizen of Spain. The respondent entered the United States as a nonimmigrant sheepherder. He was charged with deportability for failure to comply with the conditions of his nonimmigrant status, and was found deportable on that ground by the immigration judge in a decision entered on April 16, 1971. A timely appeal was not taken from that decision. The respondent thereafter moved to reopen. That motion was denied by the immigration judge on May 24, 1971. The Board on August 9, 1971 dismissed the respondent's appeal from the denial of his motion.

On November 26, 1971, the Board granted a new motion which he had filed, which sought reopening to permit him to apply for suspension of deportation. The proceedings were reopened; a new hearing was conducted before the immigration judge, at which the respondent applied for suspension of deportation. The case is now before us on appeal from the immigration judge's order of November 6, 1972 denying the respondent's application for suspension of deportation.

During the course of the reopened hearing, the respondent testified that he was in possession of about $54,000 when stopped by police for a traffic violation on July 15, 1972. The respondent invoked his constitutional privilege against self incrimination under the Fifth Amendment in response to questions concerning the ownership or source of the money.

The respondent contends that he has established eligibility for suspension of deportation notwithstanding his refusal to answer further questions concerning the money. He further contends that his right to invoke the Fifth Amendment is "illusionary [sic] and valueless" if deportation results from invoking that right.

There is no question that the respondent had the right to invoke his constitutional privilege under the Fifth Amendment in this proceeding, *Valeros* v. *INS*, 387 F.2d 921 (C.A. 7, 1967). Counsel's argument suggests that the respondent is being penalized for invoking the Fifth Amendment.[1] There is a distinction, however, between a case such as this one and cases in which an adverse inference is drawn from the invocation of the privilege, *Griffin* v. *California*, 380 U.S. 609 (1965), or in which a person suffers adverse consequences because of official annoyance at the invocation of a constitutional privilege. See *Matter of Tsang*, 14 I. & N. Dec. 294 (BIA 1967). Here, the respondent is seeking relief for which he is not entitled as a matter of right. Suspension of deportation is granted as a matter of the Attorney General's discretion, section 244(a). The burden lies with the applicant to establish eligibility for the benefits he seeks.

The same issue was present in the case of *Kimm* v. *Rosenberg*, 363 U.S. 405 (1960). Kimm sought suspension of deportation, but invoked his privilege against self incrimination and refused to answer the question of whether he was a member of the Communist Party. The statute required a showing that the applicant was not a member of the Communist Party. The Supreme Court held that Kimm, by refusing to answer the question, failed to establish his eligibility under the statute. The Court said:

". . . an applicant for suspension 'a matter of discretion and of administrative grace,' *U.S. ex rel. Hintopoulos* v. *Shaughnessy*, 353 U.S. 72, 77, 1 L. ed 2d 652, 656, 77 S. Ct. 618 (1957), must, upon the request of the Attorney General, supply such information

[1] See *Spevak* v. *Klein*, 385 U.S. 511 (1967); *Malloy* v. *Hogan*, 378 U.S. 1 (1964), cases not cited by counsel.

that is within his knowledge and has a direct bearing on his eligibility under the statute," at page 408.

We find that the respondent has likewise failed to establish his statutory eligibility. He must establish that his deportation would result in extreme hardship. The hardship the respondent alleges is related to his future access to financial benefits (insurance and an Arizona Industrial Commission award of $11.01 per month), which he alleges would not be available to him if he is deported, and of which he alleges need. The facts of record, however, suggest that he is a man of substantial means. Hence, he has failed to establish the hardship alleged.

The appeal makes no reference to the immigration judge's denial of voluntary departure. Voluntary departure was properly denied.

ORDER: The appeal is dismissed.