MATTER OF PIMENTEL

In Deportation Proceedings

A-31263318

*Decided by Board August 1, 1980*

(1) Adjustment of status was denied as a matter of discretion to an alien who entered into a bigamous marriage to avoid the effect of the immigration laws and to facilitate his entry as a lawful permanent resident.

(2) Due to the evidence in the record of a bigamous marriage and the concealment of information concerning his former marriages, the alien failed to meet the statutory requirement of good moral character pursuant to section 244(a)(1) of the Act, 8 U.S.C. 1254(a)(1), in order to be eligible for suspension of deportation.

(3) Paragraph 5 of the Temporary Restraining Order of *Silva v. Levi*, made a permanent injunction under the Revised Final Judgment Order in *Silva v. Bell*, No. 76-C4268 (N.D. Ill. November 9, 1978), prohibits the Board of Immigration Appeals from dismissing an alien's appeal in a deportation case in which the record of proceedings clearly shows that the alien is a native of an independent country of the Western Hemisphere and has a priority date for the issuance of an immigrant visa between July 1, 1968, and December 31, 1976, provided he entered the United States prior to March 11, 1977.

(4) An alien whose deportation is barred under *Silva v. Bell*, No. 76-C4268 (N.D. Ill. November 9, 1978), still has the right to seek review on appeal to the Board of Immigration Appeals of all issues involving relief from deportation.

(5) Notwithstanding a finding of ineligibility for suspension of deportation, discretionary denial of adjustment of status and refusal to terminate proceedings, the case will be remanded since the alien comes within the protection of *Silva v. Bell*, No. 76-C4268 (N.D. Ill. November 9, 1978), and the question of a possible grant of voluntary departure will be considered at a later date.

CHARGES:

Order:  Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under sec. 212(a)(14) [8 U.S.C. 1182(a)(14)]—No valid labor certification at time of entry

Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid immigrant visa

ON BEHALF OF RESPONDENT:  Peter Hirsch for
Antonio C. Martinez, Esquire
324 West 14th Street
New York, New York 10014

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In an oral decision dated June 28, 1978,[1] the immigration judge found the respondent deportable as charged and denied him various forms of relief from deportation. The respondent has appealed. The case will be remanded.

The respondent is a 37-year-old married male, native and citizen of the Dominican Republic, who initially entered the United States for lawful permanent residence on June 21, 1971. He gained admission through an immediate relative immigrant visa as the spouse of a United States citizen, Fidela Carmona. The respondent, through previous counsel, conceded deportability as charged and sought relief in the form of adjustment of status, suspension of deportation, and voluntary departure.

The respondent originally married Juana Estella Morillo, a citizen of the Dominican Republic, on April 18, 1968, and divorced her on July 10, 1970. He married his second wife, Fidela Carmona, on May 5, 1970. After obtaining an immigrant visa through his second wife, he divorced her and remarried his first wife. He then applied for an immigrant visa for his first wife. The respondent did not report the true number of his prior marriages when applying for his first wife's immigrant visa. He also failed to disclose his previous marriage when he applied for a marriage license and an immigrant visa through his second wife. The respondent also admitted having conceived a child with his first wife while still married to his second wife. The immigration judge concluded that the respondent's bigamous marriage to his second wife and the events that followed were part of a plan to avoid the effect of the immigration laws and to facilitate his entry as a lawful permanent resident, which warranted denial of the adjustment in the exercise of discretion.

The immigration judge determined that the respondent was statutorily eligible to adjust his status pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, as a nonpreference immigrant, based upon an approved labor certification with a priority date of March 11, 1976. However, he denied relief as a matter of discretion because he found adverse factors in the record surrounding the respondent's marriages.

The immigration judge further determined that the respondent did not meet the statutory requirements for suspension of deportation. See section 244(a)(1) of the Act, 8 U.S.C. 1254(a)(1). The immigration judge found that the respondent lacked the requisite good moral character because of his previously described actions and that no extreme hardship had been shown. He further found that the respondent did not

---

[1] The oral decision of the immigration judge appears to be incorrectly dated and should read July 21, 1978.

warrant relief in the exercise of his discretion.

The immigration judge also denied, on discretionary grounds, the alternative relief of voluntary departure available under section 244(e) of the Act, 8 U.S.C. 1254(e). He reached that result after weighing the respondent's equity of residence in the United States for a period of time against the adverse factors in the record.

On appeal, the present counsel for the respondent has brought to our attention that the respondent, by virtue of his March 11, 1976 priority date for an immigrant visa and his last entry into this country before March 11, 1977, is within the protected class of aliens described in the Temporary Restraining Order in *Silva* v. *Levi*.[2] *See Matter of Zapata,* Interim Decision 2745 (BIA 1979). By the terms of that order, in cases such as this, the Board is prohibited from dismissing the alien's appeal.[3] Paragraph 5 of the order provides in relevant part:

> 5.  The Board of Immigration Appeals shall not dismiss an alien's appeal nor sustain an INS appeal in a deportation case in which the record of proceedings clearly shows that the alien is a native of an independent country of the Western Hemisphere and has a priority date for the issuance of an immigrant visa between July 1, 1968, and December 31, 1976, inclusive . . . .

There is no indication in this provision of the extent or the manner in which the Board may review such an appeal. There is authority for the immigration judge to consider, as he did, the various forms of relief advanced by the respondent. Specifically, paragraph 6 of the order provides:

> 6.  Nothing in this order shall prevent a deportation hearing from being held, nor a decision from being rendered by a special inquiry officer (Immigration Judge) in any case in which the alien seeks relief under either section 244(a) or section 245 of the Immigration and Nationality Act, 8 U.S.C. 1254(a) or 1255, or seeks any other form of relief from deportation. The enforcement of any resulting decision that may be unfavorable to the alien is subject to the terms of this order.

We believe that it can be reasonably inferred from paragraph 5 that a right to apply for relief permits a right of review to this Board if the decision is adverse to the alien; otherwise, the denial would remain in effect without further review until the *Silva* permanent injunction is

---

[2] The Temporary Restraining Order in *Silva* v. *Levi*, No. 76-C4268 (N.D. Ill. April 1, 1977) became a permanent injunction under the Revised Final Judgment Order in *Silva* v. *Bell*, No. 76-C4268 (N.D. Ill, Nov. 9, 1979) *enforcing* 605 F.2d 978 (7 Cir. 1979). The order, *inter alia*, provides that the INS shall not begin, continue, or conclude any efforts to expel any alien who is a native of an independent country of the Western Hemisphere and who has a priority date between July 1, 1968, and December 31, 1976, provided he entered the United States prior to March 11, 1977.

[3] There are exceptions to this prohibition, but they are not present here. *See* paras. 5(1), 5(2), and 5(3), Temporary Restraining Order, *Silva* v. *Levi*, *supra*.

dissolved.[4] Moreover, restricting our review would frustrate the purpose of the *Silva* order which is to quickly and fairly redistribute immigrant visas to those who qualify for recaptured Cuban visa numbers. Furthermore, neither party has objected to our consideration of the matter on this appeal. We, therefore, find no impediments to our review of the denial of the respondent's applications for adjustment of status, suspension of deportation, and voluntary departure. For the same reasons, we are not prevented from considering the respondent's additional argument for termination of proceedings as a "form of relief from deportation" within the meaning of paragraph 6 of the *Silva* order, *supra*.

The *Silva* alien should not, however, have to exercise his right of review at his peril. Regardless of our findings today, the protection from deportation under *Silva* still remains in effect. *See Silva v. Levi*, para. 6, Temporary Restraining Order, *supra*. Our interpretation of the *Silva* order merely recognizes the right of review of all issues involving relief from deportation. The *Silva* alien may seek review without the consequences of deportation if he is unsuccessful, while enabling him to take advantage of immigration benefits if he prevails. Under this approach, the purposes of paragraphs 5 and 6 can best be served and their interests reconciled.

We now turn to the merits of the respondent's arguments on appeal. Initially, the respondent contends that the proceedings below must be terminated for failure to sustain the charge under section 241(a)(1) and 212(a)(14) of the Act, 8 U.S.C. 1251(a)(1) and 1182(a)(14), that he was excludable at entry for failing to have an approved labor certification. Essentially, the respondent argues that he had a duly approved labor certification upon his last entry, which he claims is the controlling entry under the statute.

The respondent, through previous counsel, had conceded deportability. Nonetheless, we have examined the respondent's argument and find that it is without merit. The mandate of section 241(a)(1) to exclude certain aliens at the time of entry applies to any entry into the United States, whether it is an original entry or a reentry. 1A Gordon and Rosenfield, *Immigration Law and Procedures* § 4.7(b), at 4-46 (rev. ed. 1979). Moreover, "entry" as defined in the Act means "any coming." Section 101(a)(13) of the Act, 8 U.S.C. 1101(a)(13). The term includes initial as well as subsequent entries. *See United States ex. rel Volpe v. Smith*, 289 U.S. 422, 425 (1933); *cf. Matter of Sanchez*, Interim

---

[4] *Silva v. Bell*, Revised Final Judgment Order, *supra*, at para. 6, provides:

(6) The Order of this Court of April 1, 1977, is hereby made a permanent injunction. This injunction shall dissolve with the issuance of the last recaptured visa number or the processing of the last class member, or upon further order of this Court.

Decision 2751 at 3 (BIA 1980). On each re-entry made by the respondent, he did not have a valid immigrant visa nor a labor certification. We find, therefore, that deportability is supported by evidence which is clear, unequivocal, and convincing. *Woodby* v. *INS*, 385 U.S. 276, 286 (1966).

The respondent next argues that the immigration judge improperly applied the presumption of fraud created by section 241(c) of the Act, 8 U.S.C. 1251(c), when evaluating the respondent's marriage to the United States citizen, Fidela Carmona. On the contrary, the immigration judge's finding regarding the respondent's marriage was not based upon any presumption under section 241(c), or otherwise. The immigration judge drew reasonable inferences from the suspicious sequence of events involved; namely, his bigamous marriage to the United States citizen and acquisition of an immigrant visa through her, the divorce from her and prompt remarriage to his first spouse, and his subsequent filing of immigration papers for his first wife. In addition, the respondent concealed information concerning his former marriages. When considered together, these factors amply support the immigration judge's conclusion that the respondent married the United States citizen in order to facilitate his entry as an immigrant. Under these circumstances, the denial of adjustment of status was warranted as a matter of discretion. *Matter of Blas*, 15 I&N Dec. 626 at 32 (A.G. 1976), *aff'd*, 556 F.2d 586 (9 Cir. 1977) (table). *See Matter of Arai*, 13 I&N Dec. 494, 496 (BIA 1970).

Although the respondent contends that he has been in the United States over 7 years, he has not shown that he has been a person of good moral character during that time nor did he show how his deportation would result in the required extreme hardship to himself or to qualifying family members designated in section 244(a)(1) of the Act. We concur with the ruling of the immigration judge that the respondent has failed to sustain his burden of establishing statutory eligibility for suspension of deportation and that he does not warrant relief as a matter of discretion. *See Matter of Marquez*, 15 I&N Dec. 200 (BIA 1975).

As to the immigration judge's denial of voluntary departure to the respondent, the appeal will be sustained. Due to the remand under *Silva* a decision of a grant of voluntary departure will be reserved for further consideration by the immigration judge at an appropriate future date.

The respondent finally contends that the immigration judge erred by admitting into evidence the marriage and divorce certificates when deportability was already conceded, citing 8 C.F.R. 242.16(b). That regulation presents no such bar to the admissibility of these documents. The documents were admitted into evidence within the sound

discretion of the immigration judge. Even if cumulative on the issue of deportability, they provided original and probative information concerning the respondent's good moral character and his scheme to circumvent this country's immigration laws, which formed the basis for the immigration judge's denial of relief from deportation.

Having decided that the proceedings should not be terminated and that relief from deportation should be denied, we must now dispose of the case under the mandate of *Silva* v. *Levi, supra.* Accordingly, the case shall be remanded to the immigration judge for further consideration under the terms of the Temporary Restraining Order, now made a permanent injunction in *Silva* v. *Bell, supra.*[5]

ORDER: Relief in the form of termination of proceedings, adjustment of status, and suspension of deportation is denied.

FURTHER ORDER: The appeal from denial of voluntary departure is sustained.

FURTHER ORDER: The case is remanded to the immigration judge for disposition under the court order, or modification thereof, of *Silva* v. *Bell,* No. 76-C4268 (N.D. Ill. November 9, 1979).

---

[5] The record shows that the respondent has no absences from this country since January 1977, and has a nonpreference visa priority date of March 11, 1976. He does not appear within the exceptions of paragraph 4 of the *Silva* Temporary Restraining Order. *See Matter of Zapata, supra,* at 3-4, 4 n.3. Therefore, no action can be taken to effect his deportation. *Silva* v. *Levi, supra,* Temporary Restraining Order at para. 4.